(15 Misc. Rep. 643.)

### LEVY v. KLEPNER et al.

(City Court of New York, General Term. February 8, 1896.)

1. NEGOTIABLE INSTRUMENTS—CHECKS—MISAPPLICATION.
    In an action, by an indorsee, on a check payable on maturity of and in satisfaction of a note, it is error to charge that, if it was not used for that purpose, but was transferred to plaintiff before the date it was made payable, the verdict must be for defendant.
2. VERDICT—NO EXCEPTION—JUDGMENT—REVERSAL.
    Where the jury has been guided, in the rendition of their verdict, solely by an erroneous charge, a judgment thereon should, on appeal, be reversed, though no exception was taken to the verdict.

Appeal from trial term.

Action by Mark Levy against Elias Klepner and others on a check. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Aaron Levy, for appellant.
Abr. Levy, for respondents.

McCARTHY, J. The papers on appeal, filed with the clerk of the court, appear to have been settled and ordered on file by the trial justice on January 20, 1896. The case has not been as well presented as it might have been.

"Gentlemen of the Jury: If you believe that this check, sued on, was given for the consideration described by the witness,—in other words, to meet the note falling due,—and to be applied in payment of that note, and that it was not used for that purpose, but was transferred to the plaintiff before the date it was made payable, as appears from the testimony here, then your verdict should be for the defendants. If you believe that that check was given to Ratkowsky for a valuable consideration, moving between the parties, and it was transferred to this plaintiff, even though before the date of its payment, the plaintiff would be a bona fide holder for value, and entitled to recover."

Plaintiff's counsel asks the court to charge the jury that the giving of the note by the defendant Ratkowsky to the defendant Klepner was a consideration for the giving of the check by Klepner to Ratkowsky. The Court: "All the facts are for the jury, and what the consideration for the check was it will be for the jury to say. If they find there was no consideration, they will find for the defendant."

Verdict for the defendants. Plaintiff's counsel asks for a new trial. Motion denied. Exception. No exception was taken to the verdict.

We think, however, the trial justice was clearly in error in his charge to the jury as to the law of the case; and when it appears, as in this case, that the jury are guided in the rendition of their verdict solely by the erroneous charge, it ought to be set aside, even though no exception has been taken.

Judgment and order are therefore reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.