WILLYARD v. STATE.

Opinion delivered January 16, 1904.

1. TRIAL—ARGUMENT OF COUNSEL.—On appeal in the circuit court from a conviction before a justice of the peace, the prosecuting attorney, in argument, stated that the defendant had been tried before a justice of the peace, where he resided, and had been convicted, "and they could see from that what the jury thought of the case," and repeated this statement after an objection to it had been sustained. *Held*, that the statement was prejudicial error, the evidence of guilt being conflicting. (Page 139.)

2. SAME—ARGUMENT OF COUNSEL.—On appeal in the circuit court from a conviction of defendant before a justice of the peace for having assaulted his daughter, the prosecuting attorney stated in argument that defendant, in the trial before the justice of the peace, "winked and nodded" at his daughter while she was on the witness stand.

There was no evidence to sustain such assertion, and the daughter was one of defendant's principal witnesses. *Held,* that the statement was prejudicial error, the evidence of guilt being conflicting. (Page 140.)

Error to Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

*Robert A. Rowe,* for appellant.

It was error for the prosecuting attorney to refer to what occurred in a former trial. 62 Ark. 126; 58 Ark. 473. As to error in other remarks of prosecuting attorney, see: 75 S. W. 584; 66 Ark. 16.

*George W. Murphy, Attorney General,* for appellee.

BATTLE, J. G. F. Willyard was accused before a justice of the peace of an assault and battery, committed by unlawfully whipping his daughter, Dessie Willyard, a girl about thirteen years old. He was convicted, and appealed to the circuit court. He was tried and convicted in that court, and appealed to this court. In a trial before a jury five witnesses were introduced, and testified in behalf of each party. The testimony was conflicting. The verdict of the jury depended on the witnesses they believed.

In his argument before the jury the prosecuting attorney stated that the defendant had been tried before a justice of the peace where he resided, and had been convicted, "and they could see from that what the jury thought of the case." The defendant objected to the statement, and the court sustained his objection, and the prosecuting attorney thereafter repeated it. There was no evidence adduced to sustain it. In the course of the same argument he told the jury that the defendant, in the trial before the justice of the peace, "winked and nodded" at his little girl, Dessie, while she was on the witness stand testifying. There was no evidence to sustain this assertion. The defendant objected to it, and the court sustained his objection.

The remarks of the prosecuting attorney to the effect that the defendant had been tried for the same offense for which he was then on trial before a jury of the neighborhood in which he

resided, in a court of a justice of the peace, were improper and prejudicial. His repetition of them after the court had sustained defendant's objections was calculated to impress them upon the minds of the jury, and cause such jury to attach more importance to them than they otherwise would, and in the conflict of the evidence was calculated to cause the jury to decide against the defendant; they believing that a jury composed of his neighbors, knowing him and the witnesses, were better qualified than themselves to decide what credit should be given to the testimony of each witness, when in fact the witnesses and testimony in the trial before the justice of the peace might not have been the same as in the trial in the circuit court.

One of the defendant's principal witnesses was his little daughter, Dessie. The prosecuting attorney attacked her testimony. The impeachment was calculated to cause the jury to believe that she was prompted by her father as to how and what she should testify, and to impair the confidence of the jury in her veracity, and, on account of the conflict of the evidence, was prejudicial.

Reversed and remanded for a new trial.