## MILLER *v.* STATE.

### Opinion delivered November 1, 1915.

1. EVIDENCE—COMMISSION OF ANOTHER AND INDEPENDENT OFFENSE—CRIMINAL TRIAL.—Evidence of the commission of one offense is not admissible to establish the guilt of a defendant charged with another and entirely independent crime.

2. TRIAL—ARGUMENT OF PROSECUTING ATTORNEY—PREJUDICE.—It is prejudicial error to permit the prosecuting attorney in a criminal trial to argue extraneous testimony and suggest therefrom to the jury, the commission by the defendant of an entirely independent crime.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

In an indictment for larceny the allegation of the ownership of the horse must be proven. 73 Ark. 32; 97 Ark. 1; 55 Ark. 244; 108 Ark. 418. The proof is not sufficient to fix the ownership of the horse in Jerome Jarard.

The closing argument of the prosecuting attorney was highly prejudicial and outside the record. 58 Ark. 368; 58 Ark. 473; 61 Ark. 130; 63 Ark. 174; 65 Ark. 625; 70 Ark. 305; 72 Ark. 427.

*Wallace Davis,* Attorney General, *Jno. P. Streepey,* Assistant, for appellee.

The ownership of the property was sufficiently proven.

The argument of the prosecuting attorney was not prejudicial.

KIRBY, J. Appellant brings this appeal from a judgment of conviction for grand larceny for the theft of a horse, the property of one, Jerome Jarard.

It appears from the testimony that the horse was taken from Bald Knob about February 27, 1913, and was traced from there and found in the possession of one, Hodges, in Jackson county, who also had in his possession an overcoat and some papers, insurance policies, tax receipts and a deed to Wiley Miller.

Several witnesses testified that they saw a man riding a horse of the description of the stolen one the day after the alleged theft and identified the defendant as the man.

Defendant denied having stolen the horse or ever having had it in his possession and introduced proof strongly supporting his defense of an alibi. He admitted that the coat and the papers in the pockets found in the possession of Hodges, who had the stolen horse, were his and explained that the coat had been stolen from him out of the station at Hoxie, where he had left it upon going out for a sandwich; he said upon his return he saw a negro running away with the coat and chased him for some distance down the railroad, but was not able to overtake him, that he had taken his papers to Hoxie with the expectation of borrowing some money.

Another witness who did not know defendant testified that the negro who was supposed to have stolen the horse, jumped out of a wagon near Newport, leaving an overcoat with the papers in the pocket that belonged to Wiley Miller.

The good reputation of defendant was proved by many witnessess. The prosecuting attorney, in his closing argument to the jury, over the objection of defendant, made the following statement:

"They have shown that the defendant is the owner of a home, and that he is an honest and hard working negro, but I want to call your attention to the fact that this deed shows that he only paid $21 for the home, and that his insurance policy shows that he had it insured for $200. I do not know what he was preparing for then, but you are to be the judges of that."

His counsel asked the court to tell the jury that it was improper argument outside of the record and should not be considered by them, which the court refused to do and thereby committed an error in the opinion of the majority of this court.

The insurance policy and the deed, had not been read in evidence although they had been exhibited to the jury and admitted by the defendant to be his papers. Evi-

dence of the commission of one offense is not admissible to establish the guilt of a defendant charged with another, and entirely independent crime, and the prosecuting attorney should not have been permitted to argue this extraneous testimony and suggest to the jury as a fact, that the deed showed defendant had paid but $21 for his home and that he had insured it for $200, preparatory to burning the property and defrauding the insurance company, and its prejudicial effect was not removed by the prosecutor, stating, "I do not know what he was preparing for then, but you are to be the judges of that."

It was his evident purpose in making the argument founded upon the facts apparently disclosed by the deed and insurance policy to disparage the reputation of the defendant and destroy the effect of the proof of his good character, and, appearing to have the sanction of the court, who would not require it withdrawn, was especially prejudicial under the circumstances of this case, wherein the proof was by no means conclusive of the guilt of the defendant, although it was sufficient to sustain the verdict.

For the error committed the judgment is reversed and the cause remanded for a new trial.