AUTREY *v.* STATE.

Opinion delivered November 13, 1922.

1. CRIMINAL LAW—INSTRUCTION AS TO PLACE OF PUNISHMENT OF MINOR.—In a prosecution of a 17-year-old boy for aiding in a jail delivery, where the prosecuting attorney stated that if convicted defendant would be sent to the Reform School, and the court overruled defendant's objection thereto, the ruling was tantamount to an instruction to that effect, and was prejudicial.

2. ESCAPE—LIABILITY FOR AIDING.—A person guilty of furnishing implements for the escape of county prisoners is liable to be punished under Crawford & Moses' Dig., § 2578, and not under § 2571.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

STATEMENT OF FACTS.

The indictment in this case charges Loyd Autrey with conveying saws to Ossie Turner and other prisoners confined in the Sevier County jail for felonies, with the intent to facilitate the escape of such prisoners.

The evidence on the part of the State tended to show that in July, 1922, Ossie Turner and others were confined in the Sevier County jail, charged with the commission of various felonies in said county. Loyd Autrey carried to them some hacksaw blades, which were used by the prisoners in sawing the bars in the window of their cell to enable them to escape from jail. After cutting out the bars from the windows of their cells with the saws, the prisoners escaped through the openings so made.

According to the evidence for the defendant, he was only seventeen years of age, and did not carry any saws to the prisoners.

The jury returned a verdict of guilty, and from the judgment of conviction the defendant has duly prosecuted an appeal to this court.

*G. G. Billings,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HART, J. (after stating the facts). It appears from the record that the prosecuting attorney in his closing argument to the jury used the following language:

"Of course, you understand, Loyd Autrey will not go to the penitentiary. If you convict him you will have to, in your verdict, fix his punishment in the penitentiary, but under the law it becomes the duty of the court to send him to the State Reform School or Boys' Industrial School, and I think it is a most fortunate thing for Loyd that he might have a few months in the reform school. If you send him for seven years, the very minute those in charge find he is not going to commit these charges again he will be sent back to his home."

The attorney for the defendant objected to the argument, but the court overruled his objections. Counsel for the defendant then saved his exceptions to the ruling of the court. Thus it appears from the record that the court sanctioned, as a declaration of law, the

remarks of the prosecuting attorney, and the ruling was tantamount to an instruction to that effect by the court.

The remarks of the prosecuting attorney were in conflict with the provisions of the statute on the subject, and it was prejudicial error to tell the jury that it would be the duty of the court to send the defendant to the reform school if he was convicted. *Bird* v. *State,* 154 Ark. 297, and cases cited.

Another assignment of error is that the court erred in instructing the jury that, in case of conviction, the punishment should be fixed at a term of not less than two or more than seven years in the State Penitentiary.

In giving this instruction the court evidently had in mind that the defendant was being prosecuted under sec. 2571 of Crawford & Moses' Digest. This section deals with the rescue of a felon by force or menaces of bodily harm, or by other unlawful means.

A reference to the statement of facts shows that the defendant could not be convicted under this section of the statute. Under the facts as detailed by the State he could only be convicted for a violation of sec. 2578 of Crawford & Moses' Digest. This section defines the offense of carrying into jail any instrument or other thing useful to aid a felon in his escape, with the intent to facilitate the escape of such felon. This error is conceded by the Attorney General, but he argues that it can be cured by the reduction of the punishment in accordance with the provisions of sec. 2578. We need not decide this, however, because the judgment must be reversed for the error in telling the jury that it would be the duty of the court to send the defendant to the reform school in case of his conviction.

It follows that the judgment will be reversed and the cause remanded for a new trial.