LEDNUM *v.* STATE.

## Opinion delivered October 5, 1925.

PERJURY—FALSE AFFIDAVIT—MATERIALITY.—An indictment for perjury alleging that accused falsely made affidavit before a justice of the peace of a certain township and county that he saw a person named making whiskey, without stating where he was making it, is insufficient in failing to show that the false affidavit related to a material matter.

Appeal from Clay Circuit Court, Western District; *W. W. Bandy,* Judge; reversed.

*Raley & Ashbaugh,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose, Assistant,* for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted of the crime of perjury in the Western District of Clay County; and, as a punishment therefor, was adjudged to serve a term of one year in the State penitentiary. From the judgment of conviction, appellant has duly prosecuted an appeal to this court, relying mainly for a reversal of the judgment upon the alleged insufficiency of the evidence to sustain the charge of perjury. We agree with appellant in this contention. The basis of the charge was an affidavit which appellant made before Otto Sullins, a duly qualified justice of the peace of Kilgore township, in the Western District of Clay County. The affidavit is as follows:

"I, W. H. Lednum, saw Charley Powers making whiskey on or about July 15, 1923. I have seen Charley Powers making whiskey some six or seven times, and I have drank some of it more than once.

"W. H. Lednum.

"Subscribed and sworn to before me this August 1, 1923. Otto Sullins, J. P."

This was the only evidence appellant gave before said justice of the peace, and it was alleged in the indictment that he unlawfully, wilfully, corruptly, falsely, knowingly, voluntarily, and feloniously made the affidavit. Section 2588 of Crawford & Moses' Digest defines perjury as follows:

"Perjury is the wilful and corrupt swearing, testifying or affirming falsely to any material matter in any case, matter or proceeding in any court, tribunal, body corporate or other officer having by law authority to administer oaths."

According to this definition, the materiality of the alleged false testimony must have appeared in the affidavit. It should have shown on its face that appellant saw Charley Powers making whiskey in Clay County. It was necessary for the venue to appear in the affidavit to make the subject-matter contained therein material. It was entirely immaterial if appellant saw Charley Powers making whiskey in some other county.

The judgment is therefore reversed, and the cause is remanded with directions to discharge appellant.