## BARKLEY v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 9, 1953.
As Modified on Denial of Rehearing
Feb. 26, 1954.

Fred Lisanby, Georgetown, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

This appeal is from a sentence of one year in the penitentiary on a conviction of false swearing under KRS 432.170. The statute reads:

"If any person, in any matter which is or may be judicially pending or which is being investigated by a grand jury, or on any subject in which he can legally be sworn or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary for not less than one or more than five years."

The alleged false statement was made by appellant during his trial in the Georgetown Police Court on a charge of possessing whiskey in local option territory. While testifying as a witness for himself in that proceeding, appellant made the statement that the arresting officers, Sergeant Espie and Sergeant Lunsford, at the time they arrested him searched his premises and robbed him of $14.50 in silver, a stick pin, and a lady's wrist watch.

As grounds for reversal the appellant contends: (1) the statement made in reference to the arresting officers was not relevant to the issue being tried; (2) the police court had no jurisdiction to try appellant on a charge of violating the local option law; (3) the jurisdiction of the police court was not properly proved by record evidence.

■ It is true, as contended by appellant, that his statement charging the arresting officers with theft was not competent testimony in the police court proceeding. It does not follow, however, that his statement did not have some degree of relevancy. His statement, if true, was calculated to cast grave doubt upon the integrity of the arresting officers, and the jury might have inferred from the statement that the prosecution of appellant was not in good faith. It is not necessary that the alleged false testimony be material. It is only necessary that it be relevant. Partin v. Commonwealth, 154 Ky. 701, 159 S.W. 542; Mitchell v. Commonwealth, 237 Ky. 849, 36 S.W.2d 649. The rule in regard to relevancy and materiality is stated in 41 Am.Jur., Perjury, section 13:

"* * * The general rule, therefore, to which most courts subscribe, is that any testimony which is relevant in the trial of a case, whether to the main issue or some collateral issue, is so far material as to render a witness who knowingly and wilfully falsifies in giving it guilty of perjury. It is usually sufficient to constitute perjury if the false statement is collaterally, remotely, or circumstantially material, or if it has a legitimate tendency to prove or disprove some fact that is material, irrespective of the main fact at issue."

We think the statement made by appellant was sufficiently relevant to sustain the conviction. The authorities cited by him on this point are distinguishable.

■ We find little merit in the contention that the jurisdiction of the police court to try appellant on the whiskey charge was not sufficiently established. Police courts are expressly vested with jurisdiction in such cases by KRS 242.990(3). That appellant was actually tried in police court was established by introduction of the affidavit and warrant issued against him by the police judge, and by the testimony of the police judge and other prosecuting officials. We think this was sufficient under the rule laid down in Partin v. Commonwealth, cited above, which is relied on by appellant on this point. In that case the jurisdiction of the police court was attempted to be proved entirely by parol testimony and it was held this was error in the absence of showing the record was lost. We think the court would have held otherwise, however, if the affidavit and warrant on which the prosecution was based had been introduced, as they were in this case.

We are of the opinion appellant has had a fair trial. The judgment is affirmed.