Archibald O. Wemple, J.
In this case, the police charged this defendant with maintaining a room in his home for gambling-purposes. The testimony shows that after intercepting telephone calls, the Police Department made a raid upon the defendant’s home and found in the cellar of the defendant’s home a person allegedly engaged in activities connected with gambling and horse races. Previous to the raid, there is testimony that the tapping of the defendant’s telephone revealed certain bets being relayed to the defendant’s home.
However, at the time of the interception of telephone calls referred to, and at the time of the raid, the defendant was at Ellis Hospital visiting his wife. There is nothing in the testimony to connect the defendant directly with the gambling operations. His voice was not heard during the intercepted calls, nor was there anything brought out to show that he knew gambling operations were being carried on in his home. Therefore, it cannot be said that the guilt of this defendant has been proven beyond a reasonable doubt.
The presumption of innocence is one of the fundamental rights of an American citizen. Whether the crime charged is gambling or larceny, the presumption is equally valid. It is the obligation of the prosecution to prove the guilt of every defendant beyond a reasonable doubt. A careful review of the evidence herein does not convince this court, on appeal, that the burden of the People has been successfully met.
As to the validity of the interception order signed by Judge Hahn, Surrogate and Acting County Judge, attention of counsel is called to section 73-a of the Civil Practice Act:
‘ ‘ § 73-a. Incapacity or absence of the county judges of Suffolk * * * and Schenectady counties. If the county judge of Suffolk county * * * is for any reason incapacitated, disqualified, or incapable to act in an action or special proceeding or other matter pending or about to be instituted in the county court, or before him, or if he is for any reason absent from his said county, then the said action or special proceeding or other matter may be continued or instituted and brought before either a justice of the supreme court within the same judicial district * * * or the surrogate of the * * * county, who shall possess the same power and authority in the action or special proceeding or other matter which the county judge of the county possesses in a like action or proceeding or matter brought in the county court ’ ’.
*646 It is the ruling of this court that the “ action or special proceeding’ or other matter pending or about to be instituted in the county court,” includes such matter as the issuance of an interception order or a search warrant in criminal proceedings. Any other interpretation would make the above-quoted section insignificant and meaningless.
In any event, the evidence obtained under such order, whether the order was of questionable validity or not, is admissible in the courts of New York State under recent decisions and such would be the case herein.
It should also be pointed out that the court below was in error in admitting heresay evidence of a conversation with one Vítalo. The admission of this testimony could only be prejudicial before a jury in the trial of this defendant.
In the case of People v. Bruno, decided by the Appellate Division of the Fourth Department in March, 1953 (281 App. Div. 941), the court, in a memoranda decision said: “ From this we must conclude that section 973 does not comprehend or embrace the keeping of a room or place where bets or wagers are recorded and .made on horse races, which offense is exclusively provided for and punishable under section 986.” (Italics supplied.) It would conclusively appear that the defendant was prosecuted under an improper section in the case at Bar.
For the reasons stated above, the conviction of the defendant is reversed, the fine remitted and the jail sentence cancelled.
Submit order accordingly.