BAKER v. STATE.

5062                                                    365 S. W. 2d 119

Opinion delivered February 11, 1963.
[Rehearing denied March 18, 1963.]

*Charles W. Atkinson* and *James R. Hale,* for appellant.

*Jack Holt, Jr.,* Attorney General, by *Milas H. Hale,* Asst. Atty. Gen., for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a conviction for aggravated assault. Appellant, Albert Frank Baker, and the prosecuting witness had been acquainted for about ten years and had previously had trouble of a non-violent nature. On March 15, 1962, they met inadvertently at a place of business in Lincoln, Arkansas. A conversation ensued during which the prosecuting witness armed himself with a piece of a grain drill and appellant armed himself with a mowing machine sickle guard. Both left the building by the front door and a fight ensued in which the prosecuting witness used a stabilizer bar from a Ford tractor, which was in his car, and appellant used the sickle guard. Both parties received some injuries, and after the prosecuting witness had knocked appellant down with the stabilizer bar, they were separated, the sheriff was called, and appellant placed under arrest. Appellant was charged by information with the crime of assault with intent to kill. At trial, the jury returned a verdict of guilty of aggravated assault and fixed appellant's punishment at a fine of $1,000.00 and 180 days in jail. Appellant has appealed from the judgment on the verdict.

Appellant's principal point urged for reversal contends, ''That the court erred in refusing to permit appellant to testify about and to show the jury the nature and extent of the injuries he sustained at the hands of the prosecuting witness.''

The record relative to this point is as follows:

''Q. In what condition — tell the jury in what condition were your wounds?

''Prosecuting Attorney: State objects. Not material for the purpose of this action.

"The Court: I will sustain the objection. What is the materiality?

"Defendant's Counsel: It certainly is material. We would like to make a record on it.

"The Court: All right, make your record. I will sustain the objection. It was an hour later.

"Defendant's Counsel: Pardon? I don't know what the time was.

"The Court: I will sustain the objection. You can make your record, in the absence of the jury.

"Defendant's Counsel? (Out of the hearing of the jury.) Let the record show that if he were permitted to answer, this witness would state that he received a serious injury, cut several inches long on the top of his head and that he was bleeding profusely from that wound when he arrived at the sheriff's office and that he remained there for approximately one and one-half hours before he was ever taken to a physician for examination or treatment.

"The Court: All right.

"Defendant's Counsel:

Q. Mr. Baker, were you later, or ultimately taken to a doctor.

A. Yes, sir.

Q. Who took you?

A. Bill.

Q. Bill Brooks?

A. Yes.

Q. To which doctor were you taken?

A. He took me down to that clinic. I believe his name was Dr. Clark.

Q. Dr. LeMon Clark? He saw you?

A. Yes, sir.

Q. Did Dr. Clark examine you, sir?

A. Yes, sir.

Q. Will you tell the jury what, if any, treatment he administered to you?

Prosecuting Attorney: State objects.

The Court: Sustained. It isn't material.

Defendant's Counsel: We certainly think it is material, the kind of injuries Mr. Baker sustained.

Prosecuting Attorney: Doesn't matter whether it was little, great, or what, under our theory.

The Court: The burden is on the state.

Defendant's Counsel: (Out of hearing of the jury.) Note our exceptions and let the record state that if permitted to answer, this witness would state that Dr. Clark examined his injuries and sutured the wound in his head and that it took eleven stitches to sew up the wound.''

The State forcefully argues that the trial court acted properly in excluding evidence of appellant's injury since it was not relevant due to the fact that self-defense was not part of appellant's plea. Appellant's plea to the information was not guilty. Under the general plea of not guilty appellant had the right to avail himself of any defense which the testimony adduced tended to establish. *Flake* v. *State*, 156 Ark. 34, 245 S. W. 174. Appellant testified that he thought the fight was over when he and the prosecuting witness left the building; that the prosecuting witness then pulled an iron stabilizer bar from his car and swung the bar at appellant with both hands, at which time appellant threw the sickle guard which bounced off the top of the prosecuting witness' head. In our view, testimony such as this brought into issue the question of whether appellant acted in self-defense. It follows therefore under the facts in this case the jury should have had the benefit of this excluded testimony on the question of who was the probable aggressor.

Reversed.

HOLT J., disqualified.

Dissenting opinion on denial of petition for rehearing
delivered March 18, 1963.

PAUL WARD, Associate Justice. The majority has
denied the petition for a rehearing in this case. Although
I helped to make the original opinion, I am now con-
vinced it was wrong and that the petition for a rehear-
ing should be granted. My reasons for this change in
position are set out hereafter.

*One.* The opinion (236 Ark. 91 at pages 92, 93) sets
out as the first error the refusal of the court to allow
appellant to tell the condition of his wounds. This assign-
ment cannot be considered by us because no exceptions
were saved. In the *Criner* case (236 Ark. 220) which we
handed down on March 4, 1963 we refused to reverse for
the reason no exceptions were saved. Also, in addition,
the court allowed Baker (appellant) to make a record of
what his testimony would have been. It was "that he re-
ceived a serious injury, cut several inches long on top of
his head . . . " This same testimony was later placed
in the record by Dr. Clark as will be shown later.

*Two.* The next excluded testimony relied on for a
reversal is set out in the opinion on pp. 93 and 94. In
this instance an exception was saved by appellant. I
submit there are two good reasons why no reversal error
was committed.

(a) Appellant was again allowed to make a record
of what his testimony would be if allowed to answer the
questions propounded to him. Here it is: ". . . Dr. Clark
examined his injuries and sutured the wound in his head
and that it took eleven stitches to sew up the wound." As
will be shown later, Dr. Clark's testimony was substantial-
ly to the same effect.

(b) Aside from what is said in (a), there is another
reason why the court did not commit reversible error. Ap-
pellant never did, during the entire trial, tell the trial court
why he thought the excluded testimony was admissible.
Only on appeal did appellant contend the testimony was
admissible to show the probable aggressor. It is not fair
to the trial court (as we have said many times) to let him
be trapped into error — if it was error.

The record at pages 269 *et seq* shows the testimony of Dr. LeMon Clark which was allowed to go to the jury. At page 270 it shows that the court first refused to let Dr. Clark testify, but following that Dr. Clark did testify in substance, regarding appellant's wounds, as follows:

I was concerned with the laceration on his scalp; it went right straight back almost in the middle of his skull; it was 3 or 3½ inches long; it went right down to the skull — to the bone; it was lying open; it was almost as though it had been cut with a knife.

At page 272 of the record the doctor said he sutured the cut with seven stitches. The doctor goes on at great length to describe the condition of appellant — much more than appellant had said he would do.

In all fairness to the trial court (and to the continuity of the law) I submit the petition for a rehearing should be granted.