Robert Lewis WILLIAMS *v.* STATE of Arkansas

CR 76-7                                    535 S.W. 2d 842

Opinion delivered May 3, 1976

*Charles D. Barnette,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Robert Lewis Williams filed a petition for post-conviction relief from his conviction of possession of heroin, a felony, after trial on June 4, 1973, resulting in a sentence to seventy years' imprisonment on three counts. He also filed a motion for disqualification in the post-conviction proceeding of Circuit Judge John W. Goodson, who had presided over his trial. In support of this motion, appellant Williams filed an affidavit in which he stated that immediately preceding the jury's being excused from the

courtroom to begin its deliberations in his trial, Judge Goodson had stated to the jury that he saw no reason why the defendant Williams should not be found guilty as charged. Thereafter, Williams was charged with and convicted of perjury in violation of Ark. Stat. Ann. § 413001 (Repl. 1964) in the making of this statement under oath.

For reversal, Williams first contends that the court erred in denying his motion for directed verdict. His argument on this point is not well taken. He contends that the matter pending before the court was his petition for post-conviction relief and that the alleged false statements were not material to the issues raised by it, since the affidavit was in support of his motion for disqualification of the presiding judge only. He relies on *Lednum* v. *State*, 169 Ark. 396, 275 S.W. 699. There are three factors that made the denial of the motion proper. In the first place, reliance on *Lednum* is inappropriate. The governing statute has been amended since that decision. We held that a perjury conviction cannot be based upon a false affidavit which does not show upon its face that its subject matter is material in a cause, matter or proceeding before a court, tribunal, body corporate or other officer having authority to administer oaths. The amendment has materially changed the definition of the crime of perjury upon which the holding in *Lednum* was based. This amendment was made by Initiated Act No. 3 of 1936. The statute, as amended, appears as Ark. Stat. Ann. § 41-3001 (Repl. 1964) which now reads as follows:

> Perjury *in the first degree* is the wilful and corrupt swearing, testifying or affirming falsely to any material matter in any cause, matter or proceeding before any court, tribunal, body corporate or other officer having by law authority to administer oaths, or to *any affidavit, deposition or probate authorized by law to be taken before any court, tribunal, body politic or officer*. (Italicized words were added by amendment.)

Secondly, appellant's contention is unsound in that perjury in the second degree is a lesser included offense. *People* v. *Samuels*, 284 N.Y. 410, 31 N.E. 2d 753 (1940). That crime is defined in Ark. Stat. Ann. § 41-3002 (Repl. 1964) which, in

pertinent part, reads as follows:

> A person who swears . . . that any . . . affidavit . . .
> by him subscribed, is true, in any action of any kind, or
> in a special proceeding, or upon any hearing, or inquiry,
> or on any occasion in which an oath is required by law,
> or is necessary for the prosecution or defense of a private
> right, or for the ends of public justice, or may lawfully be
> administered, and who in such action or proceeding, or
> on such hearing, inquiry or other occasion, wilfully and
> knowingly testifies, declares, deposes or certifies falsely,
> in any matter, or states in his testimony, . . . affidavit, or
> certificate, any matter to be true which he knows to be
> false, and who is not guilty of perjury in the first degree,
> is guilty of perjury in the second degree . . .

The third factor is that the statements in the affidavit
were certainly material, as a matter of law, to the proceeding
before the court, which was the motion to disqualify, not the
petition for post-conviction relief. Where there is no dispute
about the facts sworn to, any question of materiality is one of
law for the court. *Bryant* v. *State*, 208 Ark. 192, 185 S.W. 2d
280; *Carter* v. *State*, 181 Ark. 665, 27 S.W. 2d 781.

Williams also asserts that there was error in the court's
refusal to give his requested instruction that if the facts sworn
to were not material to the proceedings before the court, the
defendant should be found innocent. It seems to us that there
was no question of fact for the jury as to materiality. Further-
more, the materiality of the statements in an affidavit is not
an essential element of perjury in either degree under the
statutes applicable to this prosecution. Ark. Stat. Ann. § 41-
3001, 3002 (Repl. 1964). In this respect our statutes make the
crime with which appellant was charged that which was
known to the common law and in many statutes as "false
swearing." To constitute that offense, the false statement
need not be material, even though it should be relevant.
*Beckley* v. *State*, 443 P. 2d 51 (Alaska, 1968); *State* v. *Ellenstein*,
121 N.J.L. 304, 2 A. 2d 454 (1938); *Barkley* v. *Commonwealth*,
264 S.W. 2d 297 (Ky. 1954); *People* v. *Samuels*, 284 N.Y. 410,
31 N.E. 2d 753 (1940); *State* v. *Byrd*, 28 S.C. 18, 4 S.E. 793, 13
Am. St. Rep. 660 (1888); *State* v. *Miller*, 26 R.I. 282, 58 A.
882 (1904).

The instruction offered was not a correct statement of the law, so its refusal was not error. *Walker* v. *State,* 241 Ark. 300, 408 S.W. 2d 905, appeal dism. and cert. den. 386 U.S. 682, 87 S. Ct. 1325, 18 L. Ed. 2d 403, reh. den. 387 U.S. 926, 87 S. Ct. 2027, 18 L. Ed. 2d 987.

The third point for reversal is well taken. Appellant elected not to testify and offered no evidence. He had entered a plea of not guilty. By so doing, he availed himself of any defense and all matters of justification and excuse available under the law, which are not required to be specifically pleaded. *Baker* v. *State,* 236 Ark. 91, 365 S.W. 2d 119; *Flake* v. *State,* 156 Ark. 34, 245 S.W. 174. He put all material facts alleged in the information in issue. Ark. Stat. Ann. § 43-1223 (Repl. 1964); *Hill* v. *State,* 253 Ark. 512, 487 S.W. 2d 624. Even the most patent truths were in issue. *Roe* v. *U.S.,* 287 F. 2d 435 (5 Cir., 1961); cert. den. 368 U.S. 824, 82 S. Ct. 43, 7 L. Ed. 2d 29. This plea was a continuing denial of every bit of evidence and every statement of every witness who testified against him. *State* v. *Whitney,* 7 Ore. 386 (1879); *United States* v. *DeAngelo,* 138 F. 2d 466 (3 Cir., 1943); *State* v. *Godwin,* 227 N.C. 449, 42 S.E. 2d 617 (1947). More importantly, he invoked his right to the presumption of his innocence and put the burden upon the state to prove his guilt beyond a reasonable doubt, as well as the right to remain silent in the hope that the jury would not be convinced of his guilt beyond a reasonable doubt. *State* v. *Hardy,* 189 N.C. 799, 128 S.E. 152 (1925); *State* v. *Godwin,* supra.

The presumption of innocence is so strong that it serves an accused as evidence in his favor throughout the trial and entitles him to an acquittal unless the state adduces evidence which convinces the jury beyond a reasonable doubt that he is guilty of the crime charged. *Cranford* v. *State,* 156 Ark. 39, 245 S.W. 189. It is a fundamental right in the American system antedating any constitution and an essential of due process of law. *Reynolds* v. *United States,* 238 F. 2d 460 (9 Cir., 1956); *Shargaa* v. *State,* 102 S. 2d 814 (Fla., 1958), cert. den. 358 U.S. 873, 79 S. Ct. 114, 3 L. Ed. 2d 104; *State* v. *Cynkowski,* 19 N.J. Super. 243, 88 A. 2d 220 (1952); aff'd. 10 N.J. 571, 92 A. 2d 782 (1952); *People* v. *Morris,* 260 Cal. App. 2d 848, 67 Cal. Rptr. 566 (1968); *People* v. *Weinstein,* 35 Ill. 2d

467, 220 N.E. 2d 432 (1966); *People* v. *Di Manno,* 15 Misc. 644, 182 N.Y.S. 2d 937 (1959). It alone puts in issue the truth and credibility of all of the evidence offered against an accused. *State* v. *Lackey,* 251 N.C. 686, 111 S.W. 2d 891 (1960); *State* v. *Hardy,* supra.

In spite of this, the deputy prosecuting attorney in opening the arguments to the jury stated, "To me it is just a pure and simple matter of a man lying who has been convicted, is now in the penitentiary, and is coming up here and lying to the Court, and he is lying to the jury to get himself out of a pickle." Prompt and proper objection was made and overruled. The last clause certainly reminded the jury immediately that appellant had not testified. Even though this, in and of itself, may not have constituted reversible error, had it not, at the same time, carried the clear implication that, by remaining silent, as he had a constitutional right to do, and by not offering any evidence, his plea of not guilty, which he had a clear right to enter even if he had no doubt in his own mind about his guilt, constituted lying to the jury, rather than just relying on the presumption of his innocence and putting the burden on the state to prove his guilt beyond a reasonable doubt. This, of course, was a misstatement, even though we are confident that, instead of being intentional, it resulted from the prosecutor's zeal and the natural indignation that he would feel when convinced that wholly unwarranted and baseless charges had been made against the presiding judge of the court.

The statement constituted error beyond doubt. Closing arguments must be confined to questions in issue, the evidence introduced and all reasonable inferences and deductions which can be drawn therefrom. *Simmons* v. *State,* 233 Ark. 616, 346 S.W. 2d 197. Whenever trial counsel argues matter that is beyond the record and states facts or makes assertions not supported by any evidence that are prejudicial to the opposite party, there is clearly error. *Walker* v. *State,* 138 Ark. 517, 212 S.W. 319; *McElroy* v. *State,* 106 Ark. 131, 152 S.W. 1019; *Willyard* v. *State,* 72 Ark. 138, 78 S.W. 765; *Fakes* v. *State,* 112 Ark. 589, 166 S.W. 963.

When objection is made, the presiding judge should ap-

propriately reprimand counsel and instruct the jury not to consider the statement, and in short, do everything possible to see that the verdict of the jury is neither produced nor influenced by such argument. *Walker* v. *State,* supra. The failure to sustain a proper objection to argument of matters not disclosed by the record is serious error, because it gives the appearance that the improper argument has not only the sanction but the endorsement of the court. *Miller* v. *State,* 120 Ark. 492, 179 S.W. 1001; *Hays* v. *State,* 169 Ark. 1173, 278 S.W. 15; *Elder* v. *State,* 69 Ark. 648, 65 S.W. 938. It has even been said that the overruling of a proper objection to a statement amounting to a declaration of law is tantamount to the giving of an instruction to that effect. *Autrey* v. *State,* 155 Ark. 546, 244 S.W. 711. It is true that the trial judge has a wide latitude of discretion in the control of arguments to the jury, but it is not unlimited. *Holcomb* v. *State,* 203 Ark. 640, 158 S.W. 2d 471; *Todd* v. *State,* 202 Ark. 287, 150 S.W. 2d 46. It has been said that this court will always reverse where counsel goes beyond the record to state facts that are prejudicial to the opposite party unless the trial court has by its ruling removed the prejudice. *Adams* v. *State,* 176 Ark. 916, 5 S.W. 2d 946. We have also said that failure of the trial court to interfere calls for a reversal. *Hays* v. *State,* supra.

We have carefully considered the record in an effort to determine whether this error could be said to be harmless, because the guilt of appellant seems rather clear. When we consider, however, that in this case, the jury, which could have meted out punishment ranging from a fine of $50 to 15 years' imprisonment, fixed the sentence at seven years, we cannot say that the prestige of the prosecuting attorney who made the statement enhanced by the prestige of the circuit judge, did not make the error prejudicial to appellant.

For this reason, the judgment is reversed and the cause remanded for a new trial.