2009 Ark. App. 681

**William Dale MORRISON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–572.**

Court of Appeals of Arkansas.

Oct. 21, 2009.

Knutson Law Firm, Little Rock, by: Gregg A. Knutson, for appellant.

Dustin McDaniel, Att'y Gen., by: John T. Adams, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

Appellant William Dale Morrison appeals his conviction by a Crawford County Circuit Court jury on a charge of failure to register as a sex offender—or failure to report a change of address, pursuant to Arkansas Code Annotated section 12–12–904 (Supp.2006), a Class C felony.[1] He was sentenced to twenty years' imprisonment in the Arkansas Department of Correction. On appeal, appellant challenges the sufficiency of the evidence to support the conviction and also argues that the trial court erred in denying his motion for a mistrial based upon the prosecutor's comments in closing argument about appellant's truthfulness. We affirm.

*Facts*

On January 23, 2005, appellant completed a sex-offender-registration form that listed his address as 3406 Flat Rock Court. Updated forms were to be hand-delivered to the Van Buren Police Department every six months, but appellant failed to consistently abide by that requirement. Appellant met with Detective Steve Weaver in early August 2006, at which time appellant informed him that he was planning to move to 1210 Fayetteville Road. Detective Weaver informed appellant that he could not do so because the residence was within 2000 feet of a school. Appellant asked him what to do about the deposit he had already put down on the house, and Detective Weaver suggested that he contact the landlord to see if he could recover the money.

Subsequently, on September 18, 2006, Detective Weaver was driving down Highway 59 before 8:00 a.m., when he noticed appellant's truck parked at the 1210 Fayetteville Road address. Detective Weaver proceeded to appellant's registered address at 3406 Flat Rock Court to investigate, where he discovered the grass grown up and the residence empty of furniture. He took photos of the 3406 Flat Rock Court residence, both external photos and internal photos through available windows. He checked with the water department, which confirmed that the water had been shut off at the 3406 Flat Rock Court residence and transferred to the 1210 Fayetteville Road address. Detective Weaver returned to the 1210 Fayetteville Road residence, but was unable to make contact with anyone, either at that time or later in the day. He measured the distance from the 1210 Fayetteville Road residence to Park View Elementary School, located in the next block, and confirmed that the distance between the two was less than 2000 feet—878 feet from the home to the

---

1. He was also originally charged with being a registered sex offender residing within 2000 feet of a school, pursuant to Arkansas Code Annotated section 5–14–128 (Repl.2006), but was acquitted of that charge.

school property line and 1258.8 feet from the center point of one building to the center point of the other building.

In researching the status of utilities at the two residences, Detective Weaver determined that the changes were initiated by Ms. Beverly Hughes. Ms. Hughes, appellant's girlfriend, had lived with him at the 3406 Flat Rock Court residence along with their four-year-old daughter and Ms. Hughes's nineteen-year-old son. Ms. Hughes had all the utilities in the 3406 Flat Rock Court residence in her name and had them transferred over to the 1210 Fayetteville Road residence.

Detective Weaver reported his findings, and appellant was arrested for failing to register as a sex offender—or failure to report a change of address, pursuant to Arkansas Code Annotated section 12–12–904, a Class C felony, and being a registered sex offender residing within 2000 feet of a school, pursuant to Arkansas Code Annotated section 5–14–128.

A jury trial was held on November 19, 2007. Detective Weaver was the sole witness for the State. After the State rested, appellant's counsel moved for a directed verdict on both counts. The circuit court denied appellant's motion, acknowledging that the evidence was more sufficient on Count I (failing to register) than Count II (living within 2000 feet of a school), but finding that there was enough to go to the jury on both counts.

Ms. Hughes testified for the defense, explaining that she had been living at 3406 Flat Rock Court with appellant, their daughter, and her son in August 2006. She admitted that they had put a deposit down on the 1210 Fayetteville Road property, but that only she moved there with the children. She acknowledged moving all the furniture out of the former residence and having the water shut off. She testified that appellant had visited the 1210 Fayetteville Road residence but did not live there, or even keep any clothes or tools there.

Appellant then testified on his own behalf. He corroborated Ms. Hughes's testimony about the proposed move, change in plans, transfer of furniture and utilities, and overgrown state of the yard. He explained that he worked an average of nine to twelve hours a day as a concrete superintendent. He testified that he often spent the night out of town when he was working on concrete construction projects. He claims to have spent the night at the 3406 Flat Rock Court residence on the nights he was in town in August, September, and part of October, sleeping on a blow-up air mattress in the master bedroom. He acknowledged that the water had been shut off but stated the electricity was still functioning.

Upon resting, appellant's counsel renewed the motion for directed verdict, and the motion was again denied. During closing arguments, appellant strenuously objected to comments by the prosecutor that appellant was lying to the jury. The objection was overruled, at which time appellant's counsel moved for a mistrial. That motion was also denied. The jury returned a guilty verdict on Count I and a verdict of not guilty on Count II. This appeal follows.

## I. *Sufficiency of the Evidence Standard of Review*

■ A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Coggin v. State,* 356 Ark. 424, 156 S.W.3d 712 (2004). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Evidence is substantial if it is

of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. *Id.*

Weighing the evidence and assessing the credibility of the witnesses are matters for the fact-finder. *Bush v. State,* 90 Ark. App. 373, 206 S.W.3d 268 (2005). The jury is free to believe all or part of any witness's testimony and resolves questions of conflicting testimony and inconsistent evidence. *See Gikonyo v. State,* 102 Ark.App. 223, 283 S.W.3d 631 (2008). Reconciling conflicts in the testimony and weighing the evidence are matters within the exclusive province of the jury. *See Mitchem v. State,* 96 Ark.App. 78, 238 S.W.3d 623 (2006).

### Discussion

■ Appellant was convicted of violating the Sex Offender Registration Act of 1997, codified at Arkansas Code Annotated sections 12–12–901 to –923 (Repl.2009). Specifically, Arkansas Code Annotated section 12–12–904(a)(1)(A), as was in effect in August 2006, provided that "[a] person who fails to register, reregister, or who fails to report changes of address, employment, education, or training, or who refuses to cooperate with the assessment process as required under this subchapter shall be guilty of a Class C felony." *See* Ark.Code Ann. § 12–12–904(a)(1)(A) (Supp.2006).

Appellant argues that the only evidence presented that he was not living at 3406 Flat Rock Court was the testimony of Detective Steve Weaver. Detective Weaver testified that he noticed appellant's vehicle parked at 1210 Fayetteville Road on the morning of September 18, 2006. He did not attempt to make contact with the appellant at that time, but instead went to his previously registered address at 3406 Flat Rock Court to see if the appellant was living there. On that date, he said the grass had not been maintained and that he could not see any furniture in the residence. He also testified that he checked with the water department, and the water service—which was in Beverly Hughes's name—had been switched to 1210 Fayetteville Road.

Appellant contends that Detective Weaver's testimony was sufficiently rebutted by Ms. Hughes's testimony, as well as his own. Ms. Hughes testified that she had lived at 3406 Flat Rock Court with appellant, their daughter, and her son. She explained that she moved to the 1210 Fayetteville Road residence during the fall of 2006, but that appellant did not move there with her. She testified that he kept neither clothes nor tools there. Ms. Hughes also testified that all the utilities were in her name only, but that the truck appellant drives is registered in both their names. She acknowledged that appellant had been to the new residence to visit his daughter, but denied that he ever lived there.

Appellant likewise denied his ever moving from the 3406 Flat Rock Court to the 1210 Fayetteville Road residence, but acknowledged that he had visited his daughter there. He described the nature of his construction work as a concrete superintendent, and that he frequently worked out of town and worked late hours, which prevented him from maintaining the yard. Appellant also testified that he slept on an air mattress in the mobile home when he was in town, and acknowledged that all the other furniture had been moved to Ms. Hughes's home at 1210 Fayetteville Road.

Appellant claims that even when viewed in the light most favorable to the State, this evidence is not of sufficient

force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *See Coggin, supra.* Detective Weaver visited 3406 Flat Rock Court two or three times during the day on September 18, 2006. He never made contact with appellant at 1210 Fayetteville Road. There is only circumstantial evidence that appellant's vehicle was parked there on that morning, that the grass at the 3406 Flat Rock Court residence was overgrown that same day, the furniture had been moved out of the house, and the water had been shut off. No effort was made to contact the landlord at appellant's registered residence to determine whether he was still leasing the residence, had turned in his keys, or had abandoned the premises. Appellant urges that this circumstantial evidence does not exclude every other reasonable hypothesis than that of guilt. *See Jefferson v. State,* 372 Ark. 307, 276 S.W.3d 214 (2008). Accordingly, he asks that we reverse the conviction based on insufficiency of the evidence.

The State relies on the evidence presented by Detective Weaver, including the photographs taken of the 3406 Flat Rock Court residence, and a document from the local water utility confirming that the water had been shut off by that time. The State submits that the only evidence that either appellant or Ms. Hughes offered on his behalf was the allegation that he continued to live at 3406 Flat Rock Court without furniture or water, while he allowed the grass to become overgrown. The State maintains that the evidence supported the conclusion of the jury, without reliance on speculation or conjecture, that appellant failed to report a change of address as required by Arkansas Code Annotated section 12-12-904. *See* ₁₈*also Sales v. State,* 374 Ark. 222, 289 S.W.3d 423 (2008). We agree that the trial court did

not err in denying appellant's motion for a directed verdict on this count.

With respect to appellant's argument regarding the insufficiency of the evidence supporting that he had moved to 1210 Fayetteville Road, within 2000 feet of a school in violation of Arkansas Code Annotated section 5-14-128, the State submits that the argument is irrelevant to this appeal. The conclusion that appellant moved out of the 3406 Flat Rock Court residence without submitting the mandated report does not require any specific further conclusion as to where he moved. This evidence speaks to the second charge, of which appellant was acquitted. Accordingly, we decline to address this argument in more detail. We affirm on this point.

## II. *Denial of Motion for Mistrial Standard of Review*

■ Our supreme court has said the following regarding our review of the denial of a mistrial motion:

> A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal.

*Thessing v. State,* 365 Ark. 384, 394, 230 S.W.3d 526, 534 (2006) (citations omitted). Further, our supreme court has held that an objection to remarks made during closing argument is sufficient to preserve the argument for review when the objection is clearly overruled by the trial court. *See Leaks v. State,* 339 Ark. 348, 5 S.W.3d 448

(1999). No request for admonishment is necessary. *Id.*

### Discussion

Appellant objected to certain prosecutorial comments made during the State's closing argument that challenged the veracity of both his and Ms. Hughes's testimony. The trial court overruled appellant's objection and also denied his subsequent request for a mistrial.

Appellant acknowledges a lack of appellate decisions dealing with prosecuting attorneys' improper comments on the veracity of a witness or defendant. He cites *Gates v. State,* 338 Ark. 530, 2 S.W.3d 40 (1999) (finding that prosecutor's comment that appellant was guilty not grounds for mistrial; counsel failed to ask for a curative instruction after objection); *Leach v. State,* 38 Ark.App. 117, 831 S.W.2d 615 (1992) (holding that while not reversible error, a prosecutor's vouching for a witness was improper and should be avoided on retrial); and *Harrison v. State,* 276 Ark. 469, 637 S.W.2d 549 (1982) (finding no manifest abuse of discretion in refusal to grant a mistrial based upon prosecutor's improper comments on the veracity of a witness, because the remark did not seem calculated and the trial judge promptly admonished the jury to disregard the remark); however, the State correctly points out that none of the cited cases resulted in a reversal of a trial court's denial of a motion for mistrial based on comments on the veracity of the witness or defendant.

The State counters, citing one particularly apposite case, *Trimble v. State,* 316 Ark. 161, 871 S.W.2d 562 (1994), in which the prosecutor, in closing argument, labeled the defendant's version of the victim's death as "hogwash" and added that the defendant had lied to save his life. In affirming the trial court's denial of the motion for a mistrial, our supreme court stated, "[w]e know of no reason why a prosecutor should be foreclosed from contesting part of a defendant's statement which the prosecutor believes to be untrue." *Id.* at 169, 871 S.W.2d at 565.

Appellant relies on persuasive authority from several cases from other jurisdictions to support his proposition that a prosecutor's assertion that a criminal defendant has lied or is a liar is improper and justifies reversal. *See State v. Pabst,* 268 Kan. 501, 996 P.2d 321 (2000); *State v. Graves,* 668 N.W.2d 860 (Iowa 2003). Here, appellant submits that it was improper for the prosecutor to tell the jury that he was lying. As the prosecutor was stating a personal opinion, appellant claims that the trial court abused its discretion in refusing to grant appellant's request for a mistrial. He maintains that his testimony did not indicate that he was lying, simply that there was conflicting evidence between his testimony and that of Detective Weaver. He urges that the prosecutor's comments were tantamount to placing his personal opinion on appellant's credibility into evidence. He argues that, as a quasi-judicial officer, a prosecutor should be precluded from stating a personal opinion as to the credibility of a witness or defendant.

Appellant cites *Williams v. State,* 259 Ark. 667, 535 S.W.2d 842 (1976), for the proposition that closing arguments must be confined to the questions in issue, the evidence introduced, and all reasonable inferences and deductions that can be drawn therefrom. Whenever trial counsel argues a matter that is beyond the record and states facts or makes assertions not supported by any evidence that are prejudicial to the opposite party, there is clearly error. *See id.* He urges that the maximum twenty-year sentence as a habitual offender he received shows that he was prejudiced by the improper comments by the prosecutor.

Although he relies heavily on *Graves, supra,* we note that it does not simply forbid all prosecutorial assertions that a defendant is lying. The court in *Graves* specified the following questions that must be answered to determine whether a prosecutor's remarks are proper:

(1) Could one legitimately infer from the evidence that the defendant lied?

(2) Were the prosecutor's statements that the defendant lied conveyed to the jury as the prosecutor's personal opinion of the defendant's credibility, or was such argument related to specific evidence that tended to show the defendant had been untruthful?

(3) Was the argument made in a professional manner, or did it unfairly disparage the defendant and tend to cause the jury to decide the case based on emotion rather than upon a dispassionate review of the evidence?

*Id.* at 874–75. The State urges that even if we were to adopt the analysis set out by appellant, we would need to review the prosecutor's statements in light of the above-referenced factors.

We hold that the evidence discussed in Section I herein is sufficient to support a legitimate inference that appellant lied when he claimed to continue to live at 3406 Flat Rock Court. The prosecutor's statements were made in the context of pointing out inconsistencies within appellant's testimony, as well as between appellant's testimony and the other evidence presented to the trial court. Given that appellant testified that he was living at 3406 Flat Rock Court in August 2006, and the State charged him with having moved from that residence without filing the required notice, it was not unfair for the prosecutor to challenge the veracity of that part of appellant's testimony. We hold that the trial court did not abuse its discretion by denying appellant's motion for a mistrial, and affirm on this point as well.

Affirmed.

VAUGHT, C.J., and MARSHALL, J., agree.