WILSON *v.* STATE.

Opinion delivered September 28, 1931.

*Caraway, Baker & Gautney,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was indicted for murder in the first degree for the killing of Dexter Carter. He was convicted of voluntary manslaughter, and sentenced to two years in the penitentiary.

For a reversal of the judgment of conviction against him, appellant first says the court erred in refusing to permit certain witnesses for him to testify concerning certain uncommunicated threats the deceased is said to have

made against appellant some weeks before the killing. Threats which are not communicated to the deceased are not always admissible, but only when there is doubt as to who the aggressor was. They are admitted in proper cases to show who the probable aggressor was. As said by this court in *Lee* v. *State,* 72 Ark. 436, 81 S. W. 385, ''Former threats by the deceased against the accused may generally be given in evidence, as tending to show the defendant's motive, when they were communicated to him before the killing, and evidence of former threats by the deceased against the accused, even though they were not communicated to the defendant prior to the killing, may be received when there is a doubt as to who was the aggressor, and some evidence has been given which tends to show the act was done in self-defense. 25 Am. & Eng. Enc. Law (1st Ed.) pp. 1066, 1067.'' At the time this testimony relating to threats made by the deceased against appellant was offered, there had been no testimony given which in any way tended to show that the killing was done in self-defense, and, therefore, the testimony was not admissible at that time. Thereafter, appellant himself testified that at the time he hit deceased with the billet of wood, he did so in self-defense, or that deceased was walking towards him with his hand in his pocket. No offer was made thereafter to prove the uncommunicated threats, and, conceding that they would then have been admissible, it certainly was not error to exclude them at the time offered.

It is next argued that the court erred in refusing to give appellant's requested instruction No. 1 to the effect that the jury might consider the evidence of uncommunicated threats together with other evidence in determining who was the probable aggressor. As above shown all evidence relating to such threats was excluded, therefore such instruction was abstract, as there was no evidence on which to base it.

Finally, it is said that the court erred in its oral instruction urging the jury to try to come to an agreement. The remarks of the court in this connection are

lengthy, and we think no useful purpose can be served by copying them. We have examined the language of the court carefully in the light of appellant's argument, and cannot agree that it has the effect of expressing an opinion as to appellant's guilt. The court was very careful to explain to the jury that such was not the intention. We are convinced that appellant received a fair and impartial trial. He was ably represented by eminent counsel, and the results achieved testify to this fact.

Affirmed.