Todd *v.* State.

4206                                              150 S. W. 2d 46

Opinion delivered April 21, 1941.

*Lyle Brown,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HOLT, J.   A jury in the Clark circuit court convicted appellant, Effie Todd, on the charge of assault and battery and fixed her punishment at a fine of $1.  Appellant has appealed.

During the closing argument on behalf of appellant, the record reflects the following colloquy:

"Mr. Brown (arguing the case to the jury):  It would be a shame to convict the defendant on this evidence and subject her to working sixty or ninety days on the County Farm.  Mr. Crawford (deputy prosecuting attorney):  Gentlemen, don't worry about her having to work out a fine on the County Farm; she will sell enough whiskey to pay the fine.  Mr. Brown:  Your Honor, I wish to ask at this time for a mistrial because of the highly prejudicial statement which the prosecuting attorney has just made.  Court:  Overruled.  Gentlemen of the jury, you will not consider that statement.  Mr. Brown:  Save my exceptions."

The parties have stipulated that the charge against appellant does not involve the sale of liquor and that there is no testimony in the record tending to connect appellant with the sale, possession or drinking of any kind of intoxicants.  Appellant urges here but one ground for reversal and that is that the trial court erred in refusing to declare a mistrial on account of the prejudicial and improper argument of the prosecuting attorney.  We think this contention must be sustained.

We said in *Crow* v. *State,* 190 Ark. 222, 79 S. W. 2d 75:  "It has long been the established doctrine in this state that a wide range of discretion is allowed circuit judges in dealing with arguments of counsel before juries; this because they can best determine at the time the effect of unwarranted arguments.  True, this discretion is not an arbitrary one, but may be reviewed if its exercise is abused."

Here it is conceded that there is no evidence, in the record, that appellant had had any connection with drinking, or the sale of intoxicating liquor.  For counsel representing the state to make the unqualified state-

ment that "she will sell enough whiskey to pay the fine" was highly improper and prejudicial to the right of appellant to that fair and impartial trial guaranteed to her under the Constitution of this state (art. II, § 10). The court's mild admonition to the jury not to consider the statement was not sufficient, in our opinion, to remove the damage done. The effect of the argument was to charge appellant with being engaged in the illegal sale of liquor, commonly called "bootlegging," and a charge that was not true, and which was but emphasized by the failure of the prosecuting attorney to offer to withdraw it.

Even though appellant's punishment was fixed at the nominal amount of $1, when under the statute it might have been as much as $200 (§ 2959, Pope's Digest), we are not prepared to say that the jury might have convicted appellant without this improper argument.

In the case of *German-American Ins. Co., et al.* v. *Harper, et al.,* 70 Ark. 305, 67 S. W. 755, appellees' attorney in his argument said: "Gentlemen of the jury, if you knew Marshall's business methods, you would say: 'God save the plaintiffs and God save all those who deal with him'." Marshall was not a party to the suit, but was an important witness for the appellant. On appeal this court said: "These remarks were gravely prejudicial. True, they were not made under the sanction of an oath as a witness. But the statement of matters of fact by counsel of high character and excellent standing in the profession might be as readily accepted and believed by the jurors, and make as profound and ineradicable impression upon their minds as if they had been uttered under oath. . . . The remarks of the learned counsel, if not directly, certainly by insinuation, conveyed to the jury a knowledge on his part of Marshall's business methods which were so inefficient or disreputable as to make him untrustworthy, and one whom all having business in his line should shun."

In *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70, this court reversed the judgment because of improper and prejudicial remarks of the prosecuting attorney even

though the lower court told the jury that the remarks were improper and should not be considered. There this court said: "Considering the highly prejudicial character of the remark its effect could not be removed by a mild admonition of the court."

We also quote from the opinion in *Hogan* v. *State*, 191 Ark. 437, 86 S. W. 2d 931: "As was said by Judge MULKEY in *Quinn* v. *People*, 123 Ill. 333, 15 N. E. 46, quoted by Judge WOOD in *German-American Ins. Co., et al.* v. *Harper, et al.*, 70 Ark. 305, 67 S. W. 755: 'As well might one attempt to brush off with the hand a stain of ink from a piece of white linen' as to remove from the minds of the jury the impression that must have been created by the remarks of the prosecuting attorney. In *Adams* v. *State*, 176 Ark. 916, 5 S. W. 2d 946, we said: 'This court will always reverse where counsel go beyond the record to state facts that are prejudicial to the opposite party, unless the trial court by its ruling has removed the prejudice' . . . ."

It is our view, therefore, that counsel's argument was highly improper and prejudicial to appellant's rights, and that the error was not cured or removed by the mild admonition of the court to the jury not to consider it. Nor do we think that the argument in question was in answer to the statement of appellant's attorney and therefore, invited error.

Appellant was being tried on the charge of assault and battery defined (§ 2957, Pope's Digest) as "the unlawful striking or beating of another," the punishment for which is a fine only.

The statement of appellant's attorney that it would be a shame to convict her on the evidence and subject her to working sixty or ninety days on the County Farm was, at most, an opinion and did not warrant the highly improper and prejudicial remark of the state's counsel, which was in no sense a proper answer to this statement.

For the error indicated, the judgment is reversed and the cause remanded.

MEHAFFY, J., dissents.