WALLACE JENKINS ET AL *v.* STATE OF ARKANSAS

5756                                   485 S.W. 2d 541

Opinion delivered October 16, 1972

*Gene Worsham,* for appellants.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The three appellants, young men in their twenties, were convicted of burglary and grand larceny and were sentenced to imprisonment

for four years upon each charge. Their principal contention for reversal is that the trial court erred in refusing to sustain their motion to suppress certain evidence found by the police in the course of a search, without a search warrant, of the pick-up truck in which the three defendants were traveling at the time of their arrest.

According to the State's evidence, at about 6:30 a.m. on April 6, 1971, a Little Rock police officer noticed that the front door to the Ship Ahoy Tavern had been broken into. It was quickly determined that the Tavern's safe, which had contained about $800 in cash, was missing. The officer who discovered the breaking testified that there were particles of a white powdery type of safe insulation on the tavern floor. Inquiry among the neighbors revealed two witnesses to at least part of the crime. One witness had seen three men, in the early morning hours, at the scene in a blue and white Ford pick-up truck. The three men were described as middle-aged white men, one having a heavy unshaved beard. The other witness saw two men, similarly described, pushing a dolly, with a heavy rectangular metal box on it, toward a dark-colored car. The information obtained from the witnesses was broadcast over the police radio system.

At about 7:30 a.m. officers discovered a safe in a field several miles away from the tavern, near the Sweet Home community. The safe had been pried open and burned, the metal still being hot when the safe was found. There was ample proof to convince the jury that the burned safe was the one that had been taken from the tavern.

Later that morning, before noon, an officer observed the three defendants riding in a blue and white Chevrolet pick-up truck on Interstate 30, near Sweet Home. The three men, who were white but neither middle-aged nor bearded, were arrested and held for investigation in connection with the burglary of the tavern. At the time of the arrest the officers searched the truck, which belonged to the defendant Jenkins, but found nothing. Officer Smith again searched the truck when it was taken to police headquarters, but he found nothing.

At some time after noon Officer Rounsavall made a third search of the truck and, according to his testimony, found a piece of safe insulation in the bed of the truck. Officers also testified to having found similar particles of a white substance upon the defendants' shoes. At the trial the State's most convincing evidence was given by an F.B.I. expert witness, who testified that the several particles of insulation matched one another and that certain paint chips assertedly found in the truck bed matched chips of paint taken from the burned safe.

The serious question in the case involves the admissibility of the physical evidence—the insulation and paint chips—that the officers identified as having been found in the truck in the course of the third warrantless search of that vehicle. At the outset we lay aside the State's contention that the third search was justifiable as being incidental to the arrest of the defendants. The search was made apparently an hour or more after the defendants' arrest and at a time when they were in the custody of the police. As the Supreme Court has said repeatedly: "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." *Chambers* v. *Maroney*, 399 U.S. 42 (1970); *Preston* v. *United States*, 376 U.S. 364 (1964).

There remains the State's contention that no warrant for the search was actually necessary, because the police had probable cause to search the vehicle. Our own recent cases do not support that point of view, upon the facts now before us. *Ferguson* v. *State*, 249 Ark. 138, 458 S.W. 2d 383 (1970); *Steel* v. *State*, 248 Ark. 159, 450 S.W. 2d 545 (1970). We realize, however, that in both those cases we were attempting to follow the interpretation of the United States Constitution laid down by the Supreme Court. If that court's interpretation of the Constitution has since been modified, then our own decisions are subject to a like modification.

We find no material change in the Supreme Court's view, as far as this case is concerned. The State relies primarily upon *Chambers* v. *Maroney*, 399 U.S. 42 (1970). There, however, the elements of probable cause

were far stonger than they are here. The police had information that two men, each carrying a gun, had taken currency and coins from a filling station attendant. The two robbers, with two other men, had fled in a blue compact station wagon. One of the four was wearing a green sweater and another a trench coat. Within an hour the police stopped a blue compact station wagon about two miles from the scene of the robbery. There were four men in the vehicle. One of them was wearing a green sweater. There was also a trench coat in the car. The car was driven to a police station, where it was searched. The court held that there was probable cause for the search, but it is important to note that the identification of the vehicle and its occupants was much more precise than that in the case at bar and that the officers had reason to believe that guns and the stolen money were in the vehicle, which proved to be true.

It is true that there is language in the *Chambers* case suggesting that probable cause alone is sufficient to sustain a warrantless search of an automobile, but that point of view seems to have been rejected in the later case of *Coolidge* v. *New Hempshire*, 403 U.S. 443 (1971). There Justice Stewart speaking upon this point for a majority of the court, had this to say about a contrary position taken in Justice White's dissent in the *Coolidge* case: "If we were to agree with Mr. Justice White that the police may, whenever they have probable cause, make a warrantless entry for the purpose of making an arrest, and that seizures and searches of automobiles are likewise per se reasonable given probable cause, then by the same logic *any* search or seizure could be carried out without a warrant, and we would simply have read the Fourth Amendment out of the Constitution."

In the case at bar we cannot, consistently with our own recent decisions and those of the Supreme Court, sustain the third search of Jenkins's truck, which was the only search that is said to have revealed incriminating evidence. As in the *Steel* case and the *Preston* case, the search was too remote in time and place to be incident to the arrest of the defendants. Even if we take the view somewhat indirectly expressed in the *Chambers* case (and apparently rejected in *Coolidge*), that probable

cause for the search of an automobile is the equivalent of probable cause upon which a magistrate might issue a search warrant, the State's proof in the case at hand is still deficient. In *Chambers* the car and its four occupants were pretty positively identified, and the police had reason to believe that the vehicle contained guns and the cash taken from the filling station employee. Here the police had no real reason to suppose that any particular object—either an instrument used in the commission of the burglary or any of the fruits of that offense—would be found in the pick-up truck. To the contrary, the vehicle had already been searched twice without the discovery of any incriminating evidence. At most there was still a suspicion, a lingering hope, that a more thorough examination of the truck might reveal something previously overlooked. We should have to go far beyond our own decisions and those of the Supreme Court to say that such a nebulous ground for the search satisfies the requirement of probable cause and dispenses with the need for obtaining a search warrant from a disinterested magistrate.

Reversed and remanded.