JAMES L. GUFFEY AND NORMAN TAYLOR BLACK *v.* STATE OF ARKANSAS

5791                                       488 S.W. 2d 28

Opinion delivered December 18, 1972

*F. C. Crow,* for appellants.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* for appellee.

FRANK HOLT, Justice. A jury convicted appellants of the crimes of robbery and first degree kidnapping and assessed their punishment for each offense at 21 and 15 years respectively in the state penitentiary. The trial court directed that the sentences be served consecutively. From that judgment comes this appeal. For reversal the appellants first contend through court appointed counsel that the trial court erred in admitting into evidence a pistol which was secured from appellants' vehicle by a warrantless search. We think the trial court was correct.

The police received information that the robbery was in progress, the suspects armed and, also, a description of their truck. Consequently, the police located the suspects' vehicle in flight and by radio arranged for a highway roadblock. While following the described vehicle, the officers saw the individual (Black) on the passenger side of the truck bend over as if to put something under the seat. Appellants' truck was stopped at the roadblock. When appellant Guffey, the driver, got out of the truck as commanded, one of the officers saw Guffey's pistol which Guffey had been sitting upon. The officer immediately took possession of this loaded weapon and no objection is made to its admissibility as evidence. When Black stepped from the vehicle on the passenger side, the officer on that side of the car did not find Black armed or see a weapon. The officer then asked the victim

of the robbery, who was being held hostage by appellants, about Black's having a weapon. He was told that it was underneath the seat. The door to the vehicle was open and the officer testified "[I[t was in plain view when I did bend down and look." He then recovered the loaded and cocked pistol.

Without hesitation we hold that the facts and circumstances were amply sufficient to establish probable cause for appellants' arrest and, therefore, a search of the vehicle and seizure of Black's pistol incidental to the valid arrest was lawful. *Johnson v. State*, 249 Ark. 208, 458 S.W. 2d 409 (1970), *Scott v. State*, 249 Ark. 967, 463 S.W. 2d 404 (1971), *Tygart v. State*, 248 Ark. 125, 451 S.W. 2d 225 (1970), *Moore, Frazier, Davidson v. State*, 244 Ark. 1197, 429 S.W. 2d 122 (1968), *Chambers v. Maroney*, 399 U.S. 42 (1970), and *Cooper v. California*, 386 U.S. 58 (1967). Cf. *Jenkins v. State*, 253 Ark. 249, 485 S.W. 2d 541 (1972), *Chimel v. California*, 395 U. S. 752 (1969). The 4th Amendment to the United States Constitution and Article 2, Section 15, of our Arkansas Constitution prohibit only searches and seizures which are unreasonable. It cannot be said that the search and seizure, in the case at bar, was unreasonable.

Appellants next contend for reversal that the court erred in overruling appellants' motion to strike testimony relating to one of the arresting officers since he was not a witness at the trial. We quickly dispose of this contention by observing that the other arresting officers testified only about the activities and not statements of their fellow arresting officer.

Appellants next contend that it was reversible error in that the deputy prosecuting attorney, in his closing arguments, referred to the appellants as "these two thugs." In *Miller v. State*, 250 Ark. 199, 464 S.W. 2d 594 (1971), we held that the prosecuting attorney's reference to appellants as "con artists," although not recommended as proper argument, did not require a mistrial. Also, in *Moore v. State*, 251 Ark. 436, 472 S.W. 2d 940, we said that when the prosecuting attorney

referred to the defendants as "thugs" and "roughnecks" this did not warrant mistrial inasmuch as the trial court instructed the jury to give no consideration to this argument and admonished the prosecuting attorney about the language used. In the case at bar the court admonished the prosecuting attorney to "stay in the record." Also, at the close of all the evidence, the jury was instructed that closing arguments are not evidence and to disregard any statements or remarks of the attorneys which have no evidentiary basis. We find no prejudicial error.

Finally the appellants contend that the evidence is insubstantial to support the jury verdict. Suffice it to say that the appellants were apprehended while transporting the victim of the robbery and the kidnapping as their hostage and, also, found in possession of the proceeds from the robbery. The victim testified and identified the appellants. Needless to say the evidence is more than amply substantial to sustain the jury's verdict as to both offenses.

Affirmed.

## PER CURIAM

Opinion delivered December 18, 1972

Petitioner, Jerry Wayne Baumgarner, has filed herein a petition, which we treat as a writ of certiorari, seeking to overturn the trial court's ruling that an indictment for first degree rape is not a bailable offense. Since *Furman* v. *Georgia,* 408 U. S. 238 (1972), the death penalty cannot, under our present law, be assessed—thus the maximum penalty assessable is a life sentence. In *Walker* v. *State,* 137 Ark. 402, 209 S. W. 86 (1919), we held that a life sentence is a bailable offense under Art. 2, § 8. Consequently, the trial court erroneously held that the offense here was not bailable. See *Graham* v. *State,* 253 Ark. 462, 486 S.W. 2d 678, and *State* v. *Johnson,* 61 N.J. 351, 294 S. 2d 245 (1972).

Reversed and remanded to trial court with directions to fix bail.