## Roy HILL *v.* STATE of Arkansas

CR 73-120                                    502 S.W. 2d 649

### Opinion delivered December 17, 1973
[Rehearing denied January 21, 1974.]

*Harold L. Hall,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

George Rose Smith, Justice. Charged with first degree murder, the appellant Hill was convicted of second degree murder and was sentenced, as a habitual offender, to imprisonment for 26 years. He argues two points for reversal.

It is first contended that the trial court erred in allowing the State to introduce hearsay evidence. Hill and the decedent, Coy Daniels, had been neighbors in Dallas, Texas. In September, 1972, Hill, with his own family and three of Daniels' children, moved to North Little Rock, where Hill rented a house. A day or two later Daniels came to North Little Rock and drove to

Hill's house at about four o'clock in the morning. When Daniels was seen, someone turned off the lights inside the house; but Daniels walked in the front door and turned on a light in the living room. Within a few moments Hill shot and killed Daniels, with a shotgun. Hill's theory of the case was that he acted in self-defense.

The State called as a witness Mrs. Joel Lester, who had known the Daniels family in Dallas before she moved to North Little Rock. The court permitted Mrs. Lester to testify that at about 7:30 or 8:00 o'clock on the evening before the homicide Daniels had telephoned Mrs. Lester (apparently from Dallas) and had said that he was going to come and get his children and put them back in school.

Mrs. Lester's testimony was admissible, as tending to show that Daniels' mental state was not one of hostility toward Hill when Daniels went to Hill's house. We have admitted similar statements by the victim of a homicide as part of the *res gestae*. *Sullivan* v. *State*, 171 Ark. 768, 286 S.W. 939 (1926); *Spivey* v. *State*, 114 Ark. 267, 169 S.W. 949 (1914). It is really more accurate to say that such statements are admissible as an exception to the hearsay rule. Morgan, Statements Evidencing Mental Condition, 3 Ark. L. Rev. 182 (1949). By analogy, our rule is that when self-defense is in issue, the victim's uncommunicated threats against the defendant are admissible to show who was the aggressor. *Decker* v. *State*, 234 Ark. 518, 353 S.W. 2d 168, 98 A.L.R. 2d 1 (1962); *Wilson* v. *State*, 184 Ark. 252, 42 S.W. 2d 378 (1931). Since the accused may prove such uncommunicated statements to show an attitude of hostility, the State may prove uncommunicated statements, such as that made to Mrs. Lester, to indicate a peaceful intention.

We pass to the appellant's second contention. Hill, testifying in his own defense, admitted three earlier felony convictions. The State's attorney, in responding to an objection made to his cross-examination of Hill, said to the court: "Your Honor, he has testified that he has been convicted of three felonies, and I intend to show quite a few more things." The court sustain-

ed defense counsel's objection to the State's line of questioning.

Defense counsel then asked for a mistrial on the ground that the State's attorney should not have referred to "quite a few more things." In denying the motion for a mistrial the court said, apparently to the jury: "I don't [know] what the statement is that, by the Prosecutor, that he intends to show quite a few more things. You'll disregard that, because I don't know what he had in mind. There's some ambiguity there, but you'll disregard that statement because it shouldn't have been made but I don't think it's prejudicial because he doesn't say anything." When defense counsel pressed his motion for a mistrial the court again made substantially the same statement to the jury.

It is now insisted that the court should have granted a mistrial and that the error was compounded by the court's statement that "I don't think it's prejudicial because he doesn't say anything." We find no reversible error. A mistrial should not be granted unless the error is so prejudicial that justice could not be served by a continuation of the trial. *Back* v. *Duncan,* 246 Ark. 494, 438 S.W. 2d 690 (1969). This case does not fall in that category. Since the prosecutor's remark conveyed no information to the jury about the other things that counsel intended to show, we think the court's admonition that the remark be disregarded was sufficient to correct the error. The court's additional statement was of course not a comment on the evidence, since the incident involved only a statement by counsel. We consider the court's remark, that the statement was not prejudicial because he doesn't say anything, to have been an accurate summation and certainly not so detrimental to the accused as to call for a mistrial or a reversal here.

Affirmed.

HARRIS, C.J., not participating.