Cleveland Odell MAYS *v.* STATE of Arkansas

CR 78-84                                        571 S.W. 2d 429

Opinion delivered October 9, 1978
(In Banc)

*John W. Achor,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Cleveland Odell Mays was convicted in the Pulaski County Circuit Court of aggravated robbery and sentenced to twenty years in the Arkansas Department of Correction. On appeal he argues one error: the trial court should have granted a mistrial for improper

remarks by the state's attorney. We agree, and reverse and remand the case.

During closing argument the deputy prosecuting attorney made certain improper remarks. Mays' attorney moved for a mistrial and it was denied. The remarks and colloquy between the lawyers and the court, which occurred before the jury, are verbatim as follows:

STATE'S ATTORNEY:

. . . What we have got here is a defendant who has gotten on the stand and lied repeatedly to you all, a defendant, I might add, who is an admitted dope pusher, an admitted heroin addict —

DEFENSE ATTORNEY:

(Interposing) Judge, that is not true. I am going to move for a mistrial. There has been no admission by this man here that he was ever a dope pusher. I think it is highly improper and prejudicial.

THE COURT:

Disregard the statement by the prosecutor in regard to the —

STATE'S ATTORNEY:

(Interposing) The jury will remember what he said on the stand.

THE COURT:

— in regard to being a dope pusher and etcetra.

STATE'S ATTORNEY:

He is also an admitted, convicted felon. Not only is he a convicted felon of the witnesses that took the stand but the Stacker woman is a convicted felon. I forgot to

ask her mother if she was. I don't guess she is and I can't say —

DEFENSE ATTORNEY:

(Interposing) Judge, this is also improper, highly, and I again move for a mistrial.

STATE'S ATTORNEY:

I am just saying her mother is probably not a convicted felon.

DEFENSE ATTORNEY:

Judge, this is improper and I move for a mistrial.

THE COURT:

Mr. Allen, that will be the last of this, now. Disregard that statement by the prosecutor and I don't want to hear any more of it.

DEFENSE ATTORNEY:

Is my motion denied?

THE COURT:

Motion is denied.

There was not a shred of evidence that Mays was a "dope pusher" and the remark was highly prejudicial. See *Moore, et al* v. *State,* 227 Ark. 544, 299 S.W. 2d 838 (1957). The attorney representing the state persisted in his remarks and conduct, hardly giving the court an opportunity to try to correct the error.

We have repeatedly said that a prosecuting attorney acts in a *quasi* judicial capacity and that it is his duty to use all fair, honorable, reasonable and lawful means to secure a conviction of the guilty in a fair and impartial trial. However, the desire to obtain a conviction is never proper inducement for a

prosecutor to include in his closing argument anything except the evidence in the case and legitimately deducible conclusions that may be made from the law applicable to a case. *Simmons & Flippo* v. *State,* 233 Ark. 616, 346 S.W. 2d 197 (1961).

We find that the prosecuting attorney's closing argument was highly improper, prejudicial, and was not cured by any admonition in this case; therefore, we reverse the decision of the trial court and remand the cause for a new trial.

Reversed and remanded.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. Since I believe that the majority of this court has adopted a de novo approach to review of trial court actions in the case of prosecutorial misconduct, I must dissent from its action in this case. A de novo review of the oral argument is impractical, highly undesirable and a radical departure from well established precedent. Its adoption can only breed trouble for the judicial system as a whole and will result in a series of ad hoc decisions. The judges of this court are in a relatively poor position to evaluate the impact of reckless statements made in the heat of closing arguments, when compared with the superior position of the trial judge who sees' and hears everything done and said in the presence of the jury during the course of the entire trial.

It is also a departure from precedent (to which the majority seems to be somewhat oblivious) to totally disregard the trial court's broad latitude of discretion in granting or denying a motion for mistrial. Not long ago, this court considered the matter in *Holmes* v. *State,* 262 Ark. 683, 561 S.W. 2d 56, and said:

> This court has emphasized that the granting or denial of a motion for a mistrial is within the sound discretion of the trial court, and such discretion, when exercised, will not be disturbed on appeal unless it is shown to have been abused. Moreover, as we have also emphasized, declaring a mistrial is an extreme remedy

which should be granted only where there has been an error so prejudicial that justice could not be served by a continuation of the trial. See: *Gammel & Spann* v. *State,* 259 Ark. 96, 531 S.W. 2d 474 (1976); *Hill* v. *State,* 255 Ark. 720, 502 S.W. 2d 649 (1973); *Jackson* v. *State,* 245 Ark. 331, 432 S.W. 2d 876 (1968).

In a case involving improper statements of a prosecuting attorney in his opening statement and by a witness for the state during direct examination, the trial court admonished the prosecuting attorney to get to the issue in the case on trial, stating in effect, that what had happened the preceding year was not a matter of concern with the "present facts." See *Wilson & Dancy* v. *State,* 261 Ark. 820, 552 S.W. 2d 223. There, in holding that it was not error to deny a motion for mistrial, we applied the same rule that we have applied in considering oral arguments, i.e., a mistrial should not be granted unless the error is so prejudicial that justice cannot be served by a continuation of the trial. In the same sort of background, we have said that the award of a mistrial is a step so drastic that it is the exception rather than the rule in correcting an error, and to be warranted, it must be apparent that justice cannot be served by a continuation of the trial. *Johnson* v. *State,* 254 Ark. 293, 493 S.W. 2d 115.

We have uniformly held that, in cases of denial of a motion for mistrial based upon prosecutorial improprieties, we will not reverse the judgment of the trial court in the absence of an abuse of the wide latitude of discretion vested in the trial judge in acting upon the motion or manifest prejudice to the complaining party. *Brown & Bettis* v. *State,* 259 Ark. 464, 534 S.W. 2d 207. The manifest prejudice is that spoken of in such cases as *Holmes* — an error so prejudicial that justice cannot be served by a continuation of the trial. See *Hill* v. *State,* 255 Ark. 720, 502 S.W. 2d 649. We have always recognized and given regard to the trial judge's considerable degree of discretion in controlling and supervising arguments of attorneys at jury trials. See, e.g., *McGill* v. *State,* 253 Ark. 1045, 490 S.W. 2d 449; *Stanley* v. *State,* 248 Ark. 787, 454 S.W. 2d 72; *Parrott* v. *State,* 246 Ark. 672, 439 S.W. 2d 924; *Hicks* v. *State,* 193 Ark. 46, 97 S.W. 2d 900.

We have said that a wide range of discretion is allowed

circuit judges in dealing with arguments of counsel, "since the presiding judge can best determine the effect of unwarranted arguments at the time the argument is made." *Blanton v. State,* 249 Ark. 181, 458 S.W. 2d 373. We have recognized the trial judge's superior opportunity of knowing the context in which a statement in closing argument is made, the occasion for its having been made, and whether the jury may have been misled, as a deterrent to our finding a manifest abuse of discretion. *Peters v. State,* 248 Ark. 134, 450 S.W. 2d 276.

In *Williams v. State,* 259 Ark. 667, 535 S.W. 2d 842, we held that the trial judge had abused his discretion by overruling an objection made to the prosecuting attorney's misstatements and his assertions not supported by evidence and argument of matters outside the record. We addressed ourselves to appropriate action to be taken in such cases, saying:

> When objection is made, the presiding judge should appropriately reprimand counsel and instruct the jury not to consider the statement, and in short, do everything possible to see that the verdict of the jury is neither produced nor influenced by such argument. *Walker v. State,* [138 Ark. 517, 212 S.W. 319]. The failure to sustain a proper objection to argument of matters not disclosed by the record is serious error, because it gives the appearance that the improper argument has not only the sanction but the endorsement of the court. *Miller v. State,* 120 Ark. 492, 179 S.W. 1001; *Hays v. State,* 169 Ark. 1173, 278 S.W. 15; *Elder v. State,* 69 Ark. 648, 65 S.W. 938. It has even been said that the overruling of a proper objection to a statement amounting to a declaration of law is tantamount to the giving of an instruction to that effect. *Autrey v. State,* 155 Ark. 546, 244 S.W. 711. It is true that the trial judge has a wide latitude of discretion in the control of arguments to the jury, but it is not unlimited. *Holcomb v. State,* 203 Ark. 640, 158 S.W. 2d 471; *Todd v. State,* 202 Ark. 287, 150 S.W. 2d 46. It has been said that this court will always reverse where counsel goes beyond the record to state facts that are prejudicial to the opposite party unless the

trial court has by its ruling removed the prejudice. *Adams* v. *State,* 176 Ark. 916, 5 S.W. 2d 946. \*\*\*

Cases in which we have found no abuse of discretion in denial of a motion for mistrial on account of statements in a closing argument, where an admonition to disregard the testimony has been given include: *McGill* v. *State,* supra; *Johnson* v. *State,* supra; *Hicks* v. *State,* 193 Ark. 46, 97 S.W. 2d 900.

AMI, Civil, 101 was given to the jury here. We have heretofore been strongly influenced by this fact in determining whether the trial court has abused its discretion in matters pertaining to closing arguments. See *Johnson* v. *State,* supra. We have also accorded considerable weight to the fact that the trial judge reprimanded counsel and admonished the jury to disregard the prosecutor's statement, and where this has been done, we have found no basis for a mistrial. See *Moore* v. *State,* 251 Ark. 436, 472 S.W. 2d 940.

Appellant classifies the court's admonition in this case as a mild one. It seems to me to be every bit as strong as those made in other cases where we have held an admonition sufficient. Telling the jury to disregard a statement is about as strong an admonition as could be given, particularly when AMI, Civil, 101 is given. But if it was not strong enough, appellant was not prevented from seeking a stronger one, and when he asked for no further admonition, he was in no position to complain about its degree. *Johnson* v. *State,* supra. Furthermore, we have held that a rebuke of the offending attorney in the presence of the jury, for improper statements in oral argument together with a statement that the matters to which he referred in oral argument had been excluded from the jury's consideration, is tantamount to admonishing the jury not to consider the statements. *Ragsdale* v. *State,* 132 Ark. 210, 200 S.W. 802. (The prosecution was for carnal abuse of a female under the age of 16. The statements referred to the defendant's abuse of his wife.) In *Sims* v. *State,* 194 Ark. 702, 109 S.W. 2d 668, we held that the trial judge's direction to the prosecuting attorney to confine his argument to the evidence only as given by the witnesses was sufficient to remove any prejudice to the defendant which might have resulted from remarks which well could have been prejudicial and which were not supported by the record.

In *Hines* v. *State*, 140 Ark. 13, 215 S.W. 735, the prosecuting attorney, in closing argument, twice referred to the fact that the defendant's attorney had successfully objected to certain testimony as an attempt to conceal facts from the jury, contrary to the attorney's remark in his opening statement that the defendant had nothing to cover up or conceal from the jury. The trial judge overruled an objection to the first statement, but when an objection was made to the second statement, he told the prosecuting attorney that his argument was wrong, the jury would not consider it, and that he had better not follow it any futher. In holding that the court did not err in not granting a new trial on this ground, we said that the court's action removed any prejudice that might have resulted from the remarks.

I have found no precedent for the court's action in this case, and I dare say the majority has found none. In saying this, I am fully aware of the citation of *Simmons & Flippo* v. *State*, 233 Ark. 616, 346 S.W. 2d 197, in the majority opinion. This case does not even approach the situation there. In that case, where the defendants were charged with rape, the prosecuting attorney, without any basis whatever, stated that the defendant Flippo had previously raped another girl (not the prosecutrix). The defendant had actually denied on cross-examination that he had done so. There was no other testimony in this regard. The trial court overruled the defendant's objections and his only admonition to the jury was:

> The jury heard the evidence, if the Prosecuting Attorney misquoted it then they are the judges of it.

Obviously, there was manifest prejudice there and the trial judge actually did nothing to remove it.

I am baffled by the majority's citation of *Moore* v. *State*, 227 Ark. 544, 299 S.W. 2d 838. That case has no bearing whatever on closing arguments or mistrials. *Moore* v. *State*, 251 Ark. 436, 472 S.W. 2d 940, is directly in point and following it, as we did in *Guffey & Black* v. *State*, 253 Ark. 720, 488 S.W. 2d 28, would require an affirmance. In *Guffey*, the prosecuting attorney referred to the defendants as "these two thugs" in his closing argument. We held that a mistrial was

not warranted in view of the fact that the trial judge had given an instruction incorporating AMI, Civil, 101, and when objection was made, admonished the prosecuting attorney (less strongly than the reprimand here). The trial judge here did more. He told the jury specifically to disregard the argument. The judge (or any trial judge for that matter) was warranted in thinking that he was acting properly under the precepts of this case. What else are trial judges to use as guidelines? They have a right to expect some degree of consistency in the review of the exercise of their very broad discretion. They cannot find guidance by attempting to predict the visceral reaction of a majority of the sitting judges in any particular case.

If precedent has any place in our system of criminal justice, this judgment should be affirmed.