Matthew "Peewee" BAILEY *v.* STATE of Arkansas

CR 80-68                              601 S.W. 2d 843

Supreme Court of Arkansas
Opinion delivered June 30, 1980

*Gibson & Gibson, P.A.*, by: *R. Bynum Gibson, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Matthew "Peewee" Bailey was convicted of rape in the first degree and sentenced to five years imprisonment.

On appeal, his brief indicates that four points of error will be argued but only two arguments are made regarding errors by the trial court. We do not consider the errors alleged which are not supported by argument or authority. See *Dixon* v. *State*, 260 Ark. 857, 545 S.W. 2d 606 (1977).

First, Bailey argues that since he was 15 years of age at the time the offense occurred, the circuit court did not have jurisdiction to try him. We decided in *Sargent* v. *Cole*, 269 Ark. 121, 598 S.W. 2d 749 (1980), that a juvenile could be tried in circuit court.

His second argument is that an abundance of irrelevant and prejudicial testimony was permitted.

He argues the prosecutor should not have been allowed to question the victim regarding physical problems she had suffered since the rape relating to her lower stomach area and kidneys. The appellant argues there was no evidence that the alleged rape caused the physical problems. This subject was raised during direct examination by the State and indirectly referred to by the appellant on cross examination. The testimony was probably relevant. However, if it were not, it was certainly not of a nature requiring a mistrial. *Hill* v. *State*, 255 Ark. 720, 502 S.W. 2d 649 (1973).

When Bailey was on the witness stand he was asked why he was trespassing at the Cottin Gin when the incident took place. An objection made to this question was overruled by the trial court. This question, while perhaps not directly pertinent to the charge, was, if anything, harmless error.

During cross examination of Bailey, the prosecutor kept arguing with him as to what another witness had said. That argument centered on whether Bailey had had intercourse with the victim once or twice. Actually, the transcript reflects that the other witness had said Bailey only had intercourse once with the victim. The court finally indicated that the jury could make up its own mind regarding what the testimony was. There was no prejudicial error from this verbal exchange.

We have examined the record and cannot say that any irrelevant evidence was of such a nature to deny Bailey a fair trial. Consequently, the judgment is affirmed.

Affirmed.