Lonnie JEWELL *v.* STATE of Arkansas

CA CR 91-74                               832 S.W.2d 856

Court of Appeals of Arkansas
En Banc
Opinion delivered June 10, 1992

*Young, Patton & Patton,* by: *Damon Young,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. On November 25, 1988, appellant Lonnie Jewell shot Jerry Smith and James Dickson, killing Smith and wounding Dickson. Appellant contended at trial that he shot the victims in self-defense. He was tried by a jury convicted of manslaughter and attempted first degree murder. He was sentenced to six years in the Arkansas Department of Correction and fined $10,000 on the manslaughter conviction and $15,000 on the attempted first degree murder conviction. Appellant appeals from his manslaughter conviction. We find no error and affirm.

The testimony reflects that on November 25, 1988, Smith and Dickson came uninvited to appellant's home. Several other people who were friends of appellant were also present. There was evidence of longstanding problems between appellant and Smith, including the fact that Smith had some years ago shot and killed appellant's cousin and had twice pulled a gun on appellant. Appellant testified that when Smith and Dickson began to discuss the people they had killed while in prison, appellant decided that it was time for them to leave. Appellant contended that when he came out of his house with his gun, he got into a struggle with Dickson. Appellant testified that as they were struggling, he saw Smith getting up from a lawn chair and pointing a gun at him. Appellant shot Smith in the head, killing him. Dickson turned and attempted to run away. Appellant fired a shot in his direction and injured him.

Appellant first contends that the trial court erred in refusing to grant a mistrial when the prosecutor referred to an extrajudicial statement made by appellant which the trial court had ruled to be inadmissible. When police officers first arrived to investigate the shooting, appellant stated "I shot the son-of-a-bitch." The trial court ruled that the statement made by the appellant to the officers when they arrived was inadmissible. During cross-examination of appellant, the prosecutor asked, "You told Paul Jewell that you shot the son-of-a-bitch, and shot his friend that came up with him, did you not?" Appellant moved for a mistrial, which was denied. The jury was admonished to disregard the question. During closing argument, the prosecutor stated: "We

didn't hear what . . . Mr. Lonnie Jewell said, but he said something." Again, appellant moved for a mistrial, which was denied, and the jury was admonished to disregard the statement. Appellant contends these statements by the prosecution clearly prejudiced him and that the court's failure to grant a mistrial is reversible error.

A mistrial is to be granted only where any possible prejudice cannot be removed by an admonition to the jury. *Porter v. State*, 308 Ark. 137, 823 S.W.2d 846 (1992). The trial court is granted a wide latitude of discretion in granting and denying a motion for mistrial, and the trial court's decision will not be reversed absent an abuse of that discretion or manifest prejudice to the complaining party. *Davasher v. State*, 308 Ark. 154, 823 S.W.2d 863 (1992), citing *Brown v. State*, 259 Ark. 464, 534 S.W.2d 207 (1976). Since appellant admitted he shot and killed Smith, the only possible objectionable part of the prosecutor's question is the reference to appellant calling Smith a son-of-a-bitch. There was testimony by many witnesses, including appellant, establishing a strong enmity between appellant and Smith. Considering this testimony, we do not think appellant was prejudiced by an indication that he used profanity in describing the man who had twice pulled a gun on him. Additionally, the jury was admonished to disregard the statements. Any error resulting from the prosecutor's improper reference to appellant's statement was harmless error. The trial court did not abuse its discretion in denying the motion for mistrial.

Appellant's second contention is that the trial court erred in refusing to give appellant's requested jury instruction that the degree of force used in self-defense is presumed reasonable when a person is in his own home. Instead, the trial court submitted to the jury AMCI 4105. Appellant argues that when Ark. Code Ann. § 5-2-614 and § 5-2-620 are read together, it is clear that the legislature intended that a different standard should apply in determining whether a belief or response is reasonable when a person is in his home.

In *Clark v. State*, 15 Ark. App. 393, 695 S.W.2d 396 (1985), the court found pertinent to this issue the commentary that follows AMCI 4105 and 4106. That comment provides:

The Committee believes that the presumption set forth in

Ark. Stat Ann. § 41-507.1 [now codified at Ark. Code Ann. § 5-2-620] in favor of a person defending himself in his home has no effect. If evidence is introduced to trigger the presumption, that same evidence supports the existence of the defense. Under Ark. Stat. Ann. § 41-110(1)(a) and (3) [Ark. Code Ann. § 5-1-111] and § 41-115(c) [Ark. Code Ann. § 5-1-102] the prosecution has the burden to prove as an element of its case the negation of any defense beyond a reasonable doubt. A presumption running in the defendant's favor which may be defeated by clear and convincing evidence by the state, but which also supports a defense which ultimately must be overcome by the state by evidence beyond a reasonable doubt, is of no effect.

The court in *Clark* found that "[i]nasmuch as the jury was instructed pursuant to AMCI 4105 which required the State to overcome appellant's reliance on self-defense of his person by a standard of beyond a reasonable doubt, we cannot say the trial court erred in refusing to instruct the jury upon Ark. Stat. Ann. § 41-507.1 [Ark. Code Ann. § 5-2-620]." Likewise, we find that the trial court did not err in instructing the jury pursuant to AMCI 4105 and refusing appellant's proffered instruction.

Appellant's final contention is that the trial court erred in failing to properly define "reasonable belief." The trial court instructed the jury that "[r]easonably believes or reasonable belief means the belief that an ordinary, prudent man would form under the circumstances in question and not one recklessly or negligently formed," which is the definition given by AMCI 4105. Appellant argues that this definition would allow the jury to find him guilty even if it believed facts that would require a finding of not guilty, since a finding that appellant acted negligently or recklessly would not support a conviction for first degree or second degree murder or manslaughter.

Appellant concedes that for him to prevail on this point, this court would have to overrule its previous decision in *Kendrick v. State*, 6 Ark. App. 427, 644 S.W.2d 297 (1982). When faced with an argument similar to appellant's, the court in *Kendrick* stated that "[t]o accept appellant's instruction and interpretation of § 41-514 [Ark. Code Ann. § 5-2-614] would render meaningless the requirement of reasonableness found in the basic code

justification provisions. This is obviously the reason the committee responsible for our criminal jury instructions deemed it unnecessary to draft one based upon § 41-514 [Ark. Code Ann. § 5-2-614]." We decline to overrule our holding in *Kendrick*.

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I think the judgment in this case should be reversed and the case remanded for a new trial. This is an appeal from a conviction for manslaughter. Appellant contended he shot the victim in self-defense. The appendix filed by appellant (his brief was filed while that system was in effect) shows that prior to the presentation of testimony the appellant asked the trial court to suppress a statement the appellant was alleged to have made in response to a question asked at the scene by a police officer before the appellant had been given any *Miranda* warning. The statement sought to be suppressed was, "I shot the son-of-a-bitch." The trial judge granted the appellant's request.

After the appellant testified on direct examination, the prosecuting attorney, on cross-examination, stated to appellant, "You told Paul Jewell that you shot that son-of-a-bitch, and shot his friend that came up with him, did you not?" Appellant's objection was sustained, but the prosecutor said to the judge, in the presence of the jury, "This is cross-examination," and asked, "Your Honor, let me show you *Harris* v. *New York*." At that point the appellant moved for a mistrial, and the judge, after pointing out that there has been a previous ruling on the admissibility of the statement, stated to appellant's counsel, "Your motion for a mistrial is denied. I will admonish the jury to disregard the statement."

After the testimony was concluded, the prosecuting attorney in his argument to the jury referred to the arrival of the police at the appellant's house after the shooting and said:

> When they got there, Sgt. Jones saw Mr. Jewell sitting on his front porch, staring at the lifeless body of Jerry Lynn Smith. We didn't hear what Mr. Jewell, Mr. Lonnie Jewell said, but he said something.

At that point appellant's counsel approached the bench and objected to the judge that the prosecutor had commented on evidence excluded by the court and again moved for a mistrial. The trial judge sustained the objection and again admonished the jury to disregard the statement of the prosecutor to which the appellant had objected.

The majority opinion states that because there was testimony establishing "a strong enmity" between the appellant and the victim "we do not think appellant was prejudiced by an indication that he used profanity in describing the man who had twice pulled a gun on him." And the opinion states, "Additionally, the jury was admonished to disregard the statements."

In all due respect, I think the majority's reasoning is naive. There was evidence that the two men who came to the appellant's house were not welcome. One of them had been convicted for killing appellant's cousin, and both of them had assaulted and threatened the appellant. The appellant admitted shooting one of these men, but he contended that he did it in self-defense. The jury was instructed that self-defense would not apply unless appellant used "only such force as was reasonably believed to be necessary." It is obvious to me that a statement by appellant that he shot that "son-of-a-bitch" would tend to cause a juror to question whether the appellant "reasonably believed" the shooting was necessary or whether appellant simply wanted to shoot the "son-of-a-bitch."

It is also quite obvious to me that the prosecuting attorney thought that it would be helpful to his case if the jury heard evidence that appellant had said he shot that "son-of-a-bitch." Otherwise, the prosecutor would not have violated the court's pretrial ruling that evidence of such statement was not admissible. I also note that the prosecutor *did not ask* the appellant on cross-examination what he had said at the scene but *said* to appellant, "You told Paul Jewell that you shot that son-of-a-bitch ... did you not?" And then, after the court had ruled for a second time that the statement was not admissible, the prosecutor referred to it in argument to the jury. To me, it is hard to believe that the prosecutor's actions did not hurt appellant's self-defense contention.

At oral argument, the state cited *Harris* v. *New York*, 401

U.S. 222 (1971), as authority for the proposition that the trial court was incorrect in holding the statement inadmissible. This contention was based upon the argument that appellant's statement was made to Paul Jewell, a relative of appellant's, who was a constable but not in the district where the shooting occurred and the statement was allegedly made. However, I do not think that helps the state's case. The fact remains the prosecutor violated the trial court's ruling not once but twice. It was clearly deliberate and clearly prejudicial.

In *Long* v. *State*, 260 Ark. 417, 542 S.W.2d 742 (1976), the court said:

> We consider the prosecutor's statement to have been decidedly improper and manifestly prejudicial. . . . We have frequently found it necessary to award a new trial because of counsel's overzealousness in arguing to the jury matters of fact not supported by the proof.

260 Ark. at 419-419A. In *Mays* v. *State*, 264 Ark. 353, 571 S.W.2d 429 (1978), in holding that a mistrial motion should have been granted, the court said:

> We have repeatedly said that a prosecuting attorney acts in *quasi* judicial capacity and that it is his duty to use all fair, honorable, reasonable and lawful means to secure a conviction of the guilty in a fair and impartial trial. However, the desire to obtain a conviction is never proper inducement for a prosecutor to include in his closing argument anything except the evidence in the case and legitimately deducible conclusions that may be made from the law applicable to a case.

264 Ark. at 355-56. In *Timmons* v. *State*, 286 Ark. 42, 688 S.W.2d 944 (1985), it was agreed at a pretrial conference that a witness could not connect the chain of custody about materials she had examined, but during the trial the witness was called by the state and the court sustained the defense objection to the witness testifying. A request for mistrial was denied. During closing argument the state's attorney said the defense had objected to the testimony of the witness and the court instructed the jury not to consider the reference by the state's attorney about a witness who did not testify. Our supreme court held it was

prejudicial for the state to call a witness when it was known the witness could not give "valid relevant testimony" and then argue to the jury that the defendant had prevented the jury from hearing the testimony of that witness. The court held that it was "quite clear that this conduct was prejudicial" and said:

> We have long held that a prosecuting attorney should not be tempted to appeal to prejudices, pervert testimony, or make statements to the jury which, whether true or not, have not been proved.

286 Ark. at 43-44. A concurring opinion stated that the trial court's admonition did not cure the error because it "was so deliberate and flagrant it could not be cured except by mistrial." *Id.* at 47.

I dissent from the affirmance of the trial court's judgment in the instant case.

COOPER, J., joins in this dissent.