David A. KELLY *v.* STATE of Arkansas

CR 02-191                               85 S.W.3d 893

Supreme Court of Arkansas
Opinion delivered October 3, 2002

[Petition for rehearing denied October 31, 2002.]

*Jeff Rosenzweig*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. On August 21, 2001, Appellant David Kelly was tried and convicted in the Lawrence County Circuit Court of two counts of rape, one count of incest, and one count of battery. He was sentenced to two twenty-year sentences on the rape counts and twelve months on the battery count, all to be served concurrently. Kelly brings

this appeal from the trial court's refusal to quash a jury panel on grounds of prejudice. We find no merit in Kelly's argument, and thus, we affirm the decision of the trial court.

During the morning of August 21, the prosecutor was scheduled to give a closing argument in another criminal case, *State v. Franklin,* at the same time that jury selection was scheduled to begin in the State's case against David Kelly. When the jury panel reported for duty, the trial court made the following statment: "Now we have the closing argument in this case and as soon as we hear that, we'll start the next case, okay? So if you'll just remain, the jury, if you'll just remain in the courtroom, we'll get to you shortly." The jury complied with the court's request and stayed in the courtroom while the prosecutor gave his closing argument in the *Franklin* case. The information in that case charged a mother with accomplice liability for rape. The mother allegedly allowed, and possibly supported, sexual relations between two men and her two underage daughters. The charges filed against David Kelly related to alleged sexual misconduct between himself and his underage stepdaughter.

Before voir dire in the instant case, Kelly moved to quash the jury panel alleging that exposure to the closing argument in the *Franklin* case inevitably tainted the entire panel. The trial court denied the motion to quash and, prior to voir dire, gave the jury panel the following admonition:

> All right, Ladies and Gentlemen, you are instructed, this is a preliminary jury instruction, you are instructed that any comment that you may have heard [the prosecutor] make in the previous trial when he was closing is not to be taken into account and is not to affect you in this trial. Those are two separate trials and they don't have anything to do with each other. One is not to do anything [*sic*] with the other, so any comment that he may have made is to be disregarded by you in this trial.

During voir dire, defense counsel asked jurors questions about the prosecutor's closing argument in the earlier case and received no indication of bias.

After jury selection was completed, Kelly renewed his motion to quash the jury. Again, the trial court denied the

motion. Kelly was tried and convicted. From the convictions, Kelly now brings this appeal alleging that he was denied his right to an impartial jury and due process as guaranteed under the United States Constitution and the Arkansas Constitution. Because this appeal involves issues of constitutional interpretation and an issue of first impression, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1), 1-2(b)(1), (3) (2002).

■ Kelly's sole point on appeal is that prejudice should be presumed from the particular facts and circumstances in this case. As the issue raised on appeal is one of first impression, Kelly attempts to draw parallels with four different lines of authority. First, he cites *Vasquez v. Hillery*, 474 U.S. 254 (1986), and *Batson v. Kentucky*, 476 U.S.79 (1986), where the United States Supreme Court held that race-based striking of jurors is unconstitutional. *Vasquez* and *Batson* are inapposite. Those cases focus on the use of a suspect classification, race, in the selection of jurors. We decline to adopt Kelly's suggestion that a jury panel's exposure to a closing argument in a previous case is similar to the prejudice created by systematically striking jurors on racial grounds.

■ Relying on *Mosby v. State*, 249 Ark. 17, 457 S.W.2d 836 (1970), Kelly next asserts that substantial irregularities in the selection of jurors provide a basis to presume prejudice. However, the irregularities in *Mosby* arose out of a departure from statutory procedures governing the jury selection process. *Mosby v. State*, *supra*. Such is not the case here as no statutory mandate addresses the trial court's actions in this case. Thus, Kelly's reliance on the *Mosby* case is misplaced.

■ In his third attempt to suggest an analogous situation, albeit without any citation to authority, Kelly states that jury impartiality is of such sanctity that litigants need not necessarily show prejudice if the circumstances of the jury formation are tainted. This court has held that it will not consider an argument that presents no citation to authority or convincing argument. *See Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001). Furthermore, Kelly's blanket presumption completely ignores well-established legal principles in Arkansas law. Jurors are presumed to be unbiased and the burden is on the appellant to show otherwise.

*Smith v. State*, 343 Ark. 552, 39 S.W.3d 739 (2001); *Esmeyer v. State*, 325 Ark. 491, 930 S.W.2d 302 (1996); *Cooper v. State*, 324 Ark. 135, 919 S.W.2d 205 (1996). Additionally, jurors are presumed to comprehend and follow court instructions. *State v. Robbins*, 342 Ark. 262, 27 S.W.3d 419 (2000); *Logan v. State*, 300 Ark. 35, 776 S.W.2d 341 (1989); *Hill v. State*, 275 Ark. 71, 628 S.W.2d 284 (1982). Kelly concedes that he cannot point to any juror in this case who was prejudiced by the prosecutor's closing argument in the previous case. Nonetheless, he maintains that prejudice should be presumed from that event. Absent supporting law or a cogent argument, this court will not presume bias or presume that a jury is incapable of following the trial court's instructions.

▮ Lastly, relying on *Mays v. State*, 264 Ark. 353, 571 S.W.2d 429 (1978), and *Long v. State*, 260 Ark. 417, 542 S.W.2d 742 (1976), Kelly claims that a jury's exposure to a closing argument by the same prosecutor in a previous case involving similar allegations is functionally equivalent to a jury's exposure to a wholly improper closing argument. We disagree. In the *Mays* and *Long* cases, the jury had already heard evidence *before* the prosecutor made improper statements during closing argument, that is, statements not supported by the evidence. In contrast, no allegation has been made in this case that the prosecutor made any improper remarks following the presentation of evidence. Any taint that may have occurred as a result of the jury's exposure to the prosecutor's closing argument in the earlier case was cured by the trial court's prompt admonition prior to voir dire. Furthermore, defense counsel's questioning during voir dire failed to disclose any bias on the part of any juror who sat on this case.

▮ ▮ While Arkansas law contemplates that an entire jury panel may be challenged, Ark. Code Ann. §§ 16-33-302, 306 (Repl. 1999), we have held that the trial court's refusal to quash a jury panel is reviewed for an abuse of discretion. *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997). Based on the facts and circumstances in this case, we cannot say that the trial court abused its discretion in refusing to quash the jury panel.

Affirmed.