Rhonda K. Wood, Justice, dissenting. |8We have long held that parties cannot enlarge or change the grounds for an objection or motion on appeal, and they are bound by the scope and nature of the arguments presented to the circuit court. Riley v. State, 2012 Ark. 462, at 3, 2012 WL 6218479. In order to preserve an argument for' appeal, the issue must be raised sufficiently to apprise the court of the particular error alleged. Gulley v. State, 2012 Ark. 368, at 6, 423 S.W.3d 569, 575. In addition, an argument is not preserved for appeal unless the trial court rules on the issue. Id. I believe that the majority has departed from these basic principles in this case, and I respectfully dissent. Taylor contested Federal National Mortgage Association’s (“Fannie Mae”) redemption action by moving for summary judgment and arguing to the circuit court that Fannie Mae’s time to redeem had expired. The land in question is part of a suburban improvement district, and the redemption period is only thirty days. Ark.Code Ann. §§ 14-92-232(c) and 14-94-122(j). Taylor contended that because Fannie Mae filed its petition to redeem the land more than a year after foreclosure, the petition was untimely. The circuit court granted summary judgment in her favor. The substance of Fannie Mae’s argument opposing summary judgment was that it relied on the court’s previous foreclosure decree even though the decree cited the wrong redemption statute and erroneously stated that Fannie Mae had two years to redeem the property. The full extent of Fannie Mae’s argument to the circuit court is as follows: Assuming arguendo that the wrong period was included, the uncontested fact remains that the statute providing for a two-year period was ^included in the decree. In reliance on that express provision, Plaintiff paid the taxes and filed its petition herein in a timely manner. There has been no appeal and the decree was and is a valid final order of this Court. Moreover, movants cite to no authority for the proposition that this Court in this action can unilaterally “correct” the decree in another action. Plaintiff suggests that this omission is understandable since there is no authority to support movants’ creative arguments. The decree provided for a two-year redemption period, and the decree should control. On appeal, this argument has ballooned. Fannie Mae now, for the first time, takes the position that Taylor’s argument should not prevail because it constitutes a collateral attack on the foreclosure decree, which is improper except in cases of fraud or lack of jurisdiction. Fannie Mae bolsters its new argument by, also for the first time, asserting that Taylor failed to allege fraud or lack of jurisdiction. According to Fannie Mae, Taylor’s failure to raise the issues of fraud or jurisdiction means that the erroneous foreclosure decree is only voidable and is presumptively correct, again, new arguments and reasoning conspicuously absent prior to appeal. It is understandable that Taylor failed to address the exceptions to the collateral-attack doctrine and that the circuit court did not address collateral attack in its ruling, because it is clear that no one at the circuit court level had been apprised that Fannie Mae was making an argument grounded on a collateral-attack theory. Fannie Mae’s original argument was couched in terms of reliance, and that is the argument on which the circuit court ruled in its summary judgment order. After reciting the pertinent facts and correctly noting that the controlling statute provides only a thirty-day redemption period, the court specifically held that “FNMA’s reliance on 14-121-432 is misplaced as that statute provides a limitation for a different statutory entity known as a |inDrainage Improvement District.” In reaching their decision, the majority now moves past the reliance argument that Fannie Mae originally made and rules on the collateral-attack issue, which the circuit court was never asked to decide. We have consistently declined to entertain arguments that were not fully developed in the circuit court. In Beverly Enterprises-Arkansas, Inc. v. Thomas, Beverly Enterprises argued that Thomas would be an inadequate class representative because she severed her individual claims from the class proceedings and scheduled them to be tried before the class claims. 370 Ark. 310, 320, 259 S.W.3d 445, 452 (2007). According to Beverly, the doctrine of res judicata would prevent Thomas from participating in the class because she would be barred from pursuing additional claims arising out the same set of facts but which were not asserted in her earlier, individual suit. Id. We refused to consider Beverly’s argument, holding as follows: Though Beverly did argue to the circuit court that Thomas was an inadequate class representative, it appears never to have raised the specific argument that it makes now regarding res judicata and its effect on class claims if Thomas pursues her individual claims first. Further, the circuit court did not rule on whether Thomas’s severance of her medical malpractice and negligence claims would bar her ability to bring class claims.... Id. at 321, 259 S.W.3d at 452. Even if the court were to accept that Fannie Mae’s original argument was not solely one of reliance, the fact remains that Fannie Mae never gave a reason that the foreclosure decree should trump the governing redemption statute other than that the decree was “a valid final order.” This court should not allow a conclusory argument alone to be expanded on appeal. Fannie Mae did nothing more than offer that it should be able to rely on the Inforeclosure decree, thus it should control. To interpret Fannie Mae’s two-paragraph argument to the circuit court as consistent with its new, fully-developed, eight-page, collateral-attack argument to this court betrays the reasoning in Thomas. Simply parroting that “the decree should control” does not entitle Fannie Mae to later raise every argument supporting that position when none was raised to the circuit court. See Riley, 2012 Ark. 462, at 3 (“we cannot say that the mere citation of [a] case preserves for appeal any and every legal argument based thereon, even if not articulated to the circuit court”). At best, Fannie Mae’s argument is similar to a party defending a breach-of-contract suit by simply filing a motion for summary judgment stating, “The contract is unenforceable,” without any further elaboration, then arguing on appeal that the contract was unconscionable, violated the statute of frauds, and lacked mutual obligation. We have never indulged such arguments, and I see no reason to depart from that practice here. Fannie Mae also makes an estoppel argument; however, it, too, should not be given any credence. Fannie Mae mentioned estoppel for the first time in a supplemental response to Taylor’s motion for summary judgment. Fannie Mae filed this document nearly a month after the time limit for responding to Taylor’s motion, and Taylor moved to strike the supplement. It is unclear whether the circuit court even considered the supplemental response because there is no order on Taylor’s motion to strike and the circuit court makes no mention of estoppel in its order granting summary judgment. Because there is no ruling on estoppel, there is no decision for us to review, and the issue is not preserved for appeal. Ark Wildlife Fed’n v. Ark Soil and Water Conservation Comm’n, 366 Ark. 50, 61, 233 S.W.3d 615, 622 (2006). Even if it were preserved, Fannie Mae’s argument to this court is nothing more than a concluso-ry allegation that Taylor should be es-topped. This court has held that it will not consider an argument that presents no citation to authority or convincing argument. Kelly v. State, 350 Ark. 238, 241, 85 S.W.3d 893, 895 (2002). Fannie Mae failed to include any supporting authority and makes no attempt to explain how the elements of estoppel are satisfied, nor what the elements even are. Accordingly, there is no reason for us to consider the argument. I would affirm the circuit court in all respects; therefore, I respectfully dissent.